# LEWIS UMLAUF
## *v.*
## GEORGE W. BASSETT.

1. NEW TRIALS—*verdict contrary to evidence.* Where the evidence of certain facts is indistinct and obscure, but is such that a jury may in reason find a verdict, whether it be for the plaintiff or defendant, courts are not inclined to disturb it.

2. Parties who allow their cases to become clouded from neglect of a proper elucidation of the facts cannot expect this court to set aside a verdict upon conjecture.

3. AGISTORS OF CATTLE—*what degree of care required of them.* Agistors of cattle are only bound to the exercise of ordinary care.

APPEAL from the Circuit Court of La Salle County.

This was an action of assumpsit, instituted by George W. Bassett against Lewis Umlauf, in the court below, to recover commissions for selling certain land, and compensation for pasturing a mare and colt belonging to Umlauf. The declaration consisted of the common counts, to which the defendant filed pleas of general issue and set-off; the third and fourth pleas setting forth a contract of bailment between the parties for the keeping of the mare and colt at a certain hire; also, a breach of contract by plaintiff, in suffering the escape of the mare and colt, by which the mare was killed. The evidence introduced consisted mainly of the letters which had passed between the parties with reference to the sale of the land and the loss of the mare, and it is substantially set forth in the opinion of the Court.

The issues were found and tried by the jury, who returned a verdict for plaintiff for $175, and thereupon the defendant appealed to this court. No exception is taken to the rulings of the court below, but a reversal is asked solely upon the ground that the verdict was against the evidence.

Mr. Lewis Umlauf, *pro se*, appellant.

Mr. D. P. Jones, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action of assumpsit, brought by Bassett against Umlauf, to recover commissions for selling a quarter section of land, and compensation for pasturing a mare and colt belonging to Umlauf. The jury gave the plaintiff a verdict of $175, which was undoubtedly made up on a basis of $160 commissions, and $15 for the pasturage.

The appellant, in arguing the case *pro se*, takes no exception to the ruling of the court below in regard to the instructions, but asks a reversal of the judgment on the single ground that the verdict was against the evidence. The case is certainly involved in considerable obscurity. The arrangement was that Bassett was to have what he could get for the land over $20 per acre. He sold to one Druitt for $21 per acre. In his letter of February 17th, to Umlauf, before the sale was consummated, he speaks of Druitt's intention to pay Umlauf $800 in hand, and give him a note and mortgage for $1,200, and says Druitt will pay the small balance coming to himself in a few weeks, for which he proposes to take his note, which he says he considers good. In his letter of February 20th, he says Druitt will pay Umlauf $1,000 and give his mortgage for the same sum. These letters certainly indicate that as the sale of the land was for $3,360, and as Druitt assumed an outstanding mortgage of $1,200, leaving $2,000 to go to Umlauf, the remaining $160 of the purchase money which was to go to Bassett as commissions, he was to receive directly from Druitt, and that this was the "small balance" referred to in the first letter, for which he was to receive Druitt's note. On the other hand, Druitt swears that he bought the land at $21 per acre, and that he paid the money to Umlauf. It was probably on this evidence that the jury found their verdict. It

can not be said that it is against the evidence. Indeed, the case is one of that class in which a court would feel disinclined to disturb the verdict, whether found for the plaintiff or defendant. If Druitt did in fact pay the $160 to Bassett, or give him his note for that sum, Umlauf should have shown this on the cross-examination of Druitt. All doubt could have been removed by a proper examination of that witness, and of Stout, through whom the business seems to have been partly transacted, and who was also on the stand as a witness. If parties will not remove a cloud from their own cases, when they can so easily do so, they can hardly expect the court to set aside the verdict upon conjecture.

As to the other branch of the case, it appears that the mare and colt escaped from the pasture, and the mare was killed. The plaintiff in error insists that Bassett should respond in damages; but agistors of cattle are only bound to the exercise of ordinary care, and the record shows no want of this on the part of Bassett. We must affirm the judgment.

*Judgment affirmed.*