# Henry Mansfield

v.

# Almiron S. Cole.

1. Bailment—*diligence.* A person receiving a horse to pasture for hire is only bound to the use of reasonable care of the property, and only becomes liable for loss or injury to such property where there is a want of such care.

2. Where the owner of a horse places it in the hands of an agister, and the owner knows the animal to be breachy, if he desires to have more than ordinary care bestowed in keeping the animal, he should contract for such superior diligence.

Appeal from the Circuit Court of Peoria county; the Hon. Sabin D. Puterbaugh, Judge, presiding.

Messrs. Ingersoll & McCune, for the appellant.

Messrs. McCulloch & Rice, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The single inquiry presented by this record is, whether the evidence sustains the verdict of the jury.

The principal facts in the case are as follows: The appellant delivered his horse to the appellee, to be kept on his pasture. The horse broke out of the enclosure and strayed away, and was wholly lost to the appellant.

The only question involved in the case is, whether the appellee took the proper care of the horse while in his possession.

It is insisted by the appellant that the appellee ought to have exercised a higher degree of care, so as to have prevented the horse from escaping from his pasture.

The appellee was only bound to exercise ordinary care, and the evidence tends to show that he did use such a degree of

diligence in the care bestowed on the appellant's horse while in his pasture.

It appears from the evidence that the horse was "breachy," and in view of that fact, the appellant insists that the appellee ought to have used a higher degree of care.

The fact that the horse was "breachy," seems to have been known to the appellant before he let him out to pasture, and knowing this fact, he ought to have contracted for extraordinary care. In the absence of a special contract, the agister of cattle is only bound to use ordinary care. *Umlauf* v. *Bassett*, 38 Ill. 96.

In regard to the degree of care that the appellee did actually bestow on the property of the appellant, there is a contrariety of evidence, and it is not the province of this court to say which was the better evidence, and upon which the jury ought to have relied with the most confidence. After a careful consideration, we can not say that the verdict is against the weight of the evidence.

The degree of care bestowed by the appellee upon the property of the appellant while in his possession, was a question of fact properly submitted to the jury, and in view of all the evidence, we do not feel authorized to disturb their verdict.

The judgment must be affirmed.

*Judgment affirmed.*