## John W. Geist and George F. Geist v. George Pollock.

1. WAIVER—*Of Reasons for a New Trial.*—A cause for a new trial which is not stated among the reasons contained in the motion must be considered as waived, and can not be assigned as error.

2. BAILMENTS—*Special Deposits and Loans.*—In the afternoon, a person deposited money with a firm, taking a receipt for the same. The night following, thieves broke in and stole it. It was held that the jury were warranted in finding that the firm did not intend to keep the money intact, but would have put it in the bank to their own credit, if it had not been stolen. If so, the deposit was a loan, which the firm must repay, whatever became of the money.

Assumpsit.—Money loaned. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

JOHN T. RICHARDS, attorney for appellants.

APPELLEE'S BRIEF, KING & GROSS AND FREDERICK R. BABCOCK, ATTORNEYS.

Gross negligence of a gratuitous bailee is always a question of fact; and whether or not a deposit is special or general, or gratuitous or for reward, is always a question of fact to be deduced from all the facts and circumstances in the case. Nat'l Bank v. Graham, 100 U. S. 699; Preston v. Prather, 137 U. S. 604; Doorman v. Jenkins, 29 Eng. Com. Law Rep. 132; Gray v. Merriam, 148 Ill. 179; Griffith v. Zipperwick, 28 Ohio St. 388; Carrington v. Ficklins, Ex'r, 32 Grattan's Rep. 670; McDaniels v. Robinson, 26 Vt. 316; Newhall v. Paige et al., 10 Gray 366; Scott v. Nat'l Bk. of Chester Valley, 72 Pa. St. 471.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants' counsel assign as error that the attorney of the appellee made improper statements to the jury in his closing argument, but no such reason for a new trial was assigned in the motion therefor, and if there ever was any

thing in the point, it was waived. Hintz v. Graupner, 138 Ill. 158.

This action is one of strict law, with little to recommend it *in foro conscientiæ*.

In the afternoon of July 7, 1893, the appellee deposited with the appellants $500, and took this receipt:

"CHICAGO, July 7, 1893.

Rec. from George Pollock five hundred dollars on deposit. $500. GEIST BROS."

It was put in the safe. The appellee and another man slept in the building. There was no watchman. That night the safe was broken open, this and other money taken.

The appellee testified—and in this was not contradicted—that on two former occasions he had deposited money with the appellants—for whom he worked—and it had been returned to him, not in the same money, but in other currency, and a check. And he also testified that he told Mr. John Geist at the time that he would not want the money until the first of March, 1894.

The only question in the case is whether a verdict for the appellee is justified by the evidence.

If the deposit was a special one—the same package to be returned—the appellants are not liable. But on that subject nothing was said; and considering how the former deposits were repaid, that the contract implied by the words of the receipt would be performed by the return of five hundred dollars in any kind of legal tender, and the ordinary conduct of merchants—which the appellants were—the jury were warranted in concluding that the appellants did not intend to keep the money intact, but probably would have put it in bank to their own credit the next day, if it had not been stolen. If so, the deposit was a loan which the appellants must repay, whatever has become of the money.

The judgment is affirmed, with the same disposition on our part, that Beatrice came to bid Benedict come in to dinner. Affirmed.