# Henry C. Schumacher et al. v. Sarah Bell et al.

1. APPELLATE COURT PRACTICE—*New Points in the Reply.*—An appellant is required by the rules of this court to make a statement in his brief of the points on which he relies for a reversal of a decree, and the subsequent privilege extends only to a reply to appellee's brief. Any point not so made by the appellant is regarded as abandoned and can not be made for the first time in a reply, and if made will not be noticed.

2. FRAUD—*Facts Constituting.*—A recital of facts and circumstances held to constitute sufficient evidence of fraud is recited in the opinion of the court.

**Bill in Aid of Execution.**—Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

A. C. LITTLE, G. W. AVERY and SAMUEL ALSCHULER, attorneys for appellants.

BENJAMIN F. HERRINGTON, attorney for appellees, contended that as the appellant disposed of all of his property after suit had been commenced against him as surety on a dramshop keeper's bond, the conveyance was void under Sec. 4 of the Statute of Frauds, providing that every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered with like intent, shall be void as against such creditors, purchasers or other person. R. S. 1874, 540, Sec. 4.

As to creditors, a conveyance made to hinder and delay them is void and may be set aside. Brown v. Niles, 16 Ill. 385; Davis v. Ransom, 18 Ill. 396; Boies v. Henney, 32 Ill. 130; Reed v. Noxon, 48 Ill. 323; Hardin v. Osborne, 60 Ill. 93.

To hinder and delay creditors is to defraud them. Weber v. Mick, 131 Ill. 520.

Mr. Presiding Justice Cartwright delivered the opinion of the Court.

The original bill in this case was filed by appellees July 1, 1892, in the Circuit Court of Kendall County against Henry C. Schumacher and Dorothy Schumacher, his wife, and William E. Schumacher, their son, to set aside a bill of sale of personal property and conveyances of real estate between said parties as fraudulent, and to remove the same out of the way of an execution then issued, or any other execution or process that might be thereafter issued on a judgment for $3,000 obtained by appellees against said Henry C. Schumacher. Said Dorothy Schumacher died, February 22, 1893, intestate, and her death having been suggested, her heirs at law were made defendants to the bill. The venue was changed to the Circuit Court of Kane County, where there was a hearing, and a decree was entered according to the prayer of the bill.

The only point stated or question raised in the brief and argument for appellants filed in this court was that there had been a failure to prove fraud in the execution of the bill of sale and conveyances, and that the findings of the decree in that respect were not sustained by the proofs. It was therein further stated that after counsel for appellees should show that fraud had been proved, counsel for appellants would have something further to say, in a reply to the argument for appellees. After the argument for appellees, the promise of further suggestions was fulfilled with a lengthy argument abounding in new points, of which there had previously been no hint. In the original brief and argument for appellants it was stated that Dorothy Schumacher died, intestate, on or about February 22, 1893, leaving a number of heirs at law, and that they were made parties defendant to the suit. In the reply argument the point is made that there was a lack of proof of her death, and who her heirs were. Other points so made relate to the manner of proof of issuing and serving execution, the demand of property and return, the issue of an alias execution, the form of the decree as to being in the alterna-

tive and the like. Appellants were required by the rules of the court to make a statement in their brief of the points on which they relied for a reversal of the decree, and the subsequent privilege extends only to a reply to appellees. Any point not so made is regarded as abandoned, and can not be made for the first time in a reply. The new questions raised by the reply will not be noticed. I. C. R. R. Co. v. Heisner, 45 Ill. App. 143.

It does not seem to be seriously contended that fraud was not proved, and we do not think that there can be much doubt on that question. The suit in which judgment was rendered against Henry C. Schumacher was begun February 25, 1892, and the process of divesting himself of the title to his visible possessions was begun by him on February 27, 1892, when he made a bill of sale of his personal property to his son, William, who had no means with which to buy, for an expressed consideration of $1,505. On the same day Henry C. Schumacher and wife conveyed to their said son a house and three lots in Bristol, Kendall county, Illinois, and the son conveyed the same to his mother, the wife of said Henry C. Schumacher. On March 2, 1892, Henry C. Schumacher and wife executed a mortgage to their said son of about 103 acres of land in the town of Fox, in said county, to secure notes amounting to $3,000, and the son on the same day assigned the mortgage to his said mother. On the same day Henry C. Schumacher and wife conveyed said 103 acres, which were worth about $50 per acre, to their said son, for an expressed consideration of $6,000, subject to the mortgage for $3,000, and the son gave a mortgage back to said Henry C. Schumacher to secure notes to the amount of $6,000, subject to the mortgage of $3,000. Other conveyances were made to correct errors in the foregoing, but it is not necessary to refer to them.

A recital of these transactions we think sufficient to convince any one that they were not *bona fide*, and, under the evidence, they could have had but one object, which was to prevent the collection of the judgment likely to be obtained against Henry C. Schumacher. The evidence fully justified the decree, and it will be affirmed.