## Milford J. Thompson v. Economy Furniture Company.

1. ABSTRACTS—*How Considered.*—The abstract of the record must, as against the appellant, be deemed sufficiently full and accurate to present all the errors upon which he relies.

**Trespass,** *de bonis asportatis.* Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 27, 1896.

THOMPSON & McCASLIN, attorneys for appellant.

E. A. Sherburne, attorney for appellee, contended that the appellant has not saved exceptions to the acts or rulings assigned for error.   To be sure, there are numerous ejaculatory objections, and exceptions which appear in the record and abstract, in the following form:

"Objection; overruled; exception."   "Who objected; to what?   Who excepted; to what? does not appear.   This is not sufficient to raise any question in this court.   Arcade Co. v. Allen, 51 Ill. App. 305; Rogers v. Hall, 3 Scam. 6.

Nor is any reason stated for the "objection."   Here is a fair sample of all the objections, on page nine of abstract, seventy-nine of record:

"Said mortgage introduced in evidence as plaintiff's Exhibit B."

"Objection; overruled; exception."

What the mortgage was objected to for, whether because of informal acknowledgment, erasure, want of signature or some other reason, is not stated.   This is too general for any purpose.   Coffeen Coal Co. v. Barry, 56 Ill. App. 590.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant filed his abstract March 16th, his brief March 19th, and the brief of the appellee was filed March 24th, all in 1896.

The last brief truly quoted from the abstract, as the only exception which it shows that the appellant took in the Circuit Court, this sentence:

"When the defendant by his counsel entered the motion for new trial, and before the same was reduced to writing, and the reasons for such motion set forth and presented, the court overruled the same and entered judgment.   To which defendant then and there duly excepted."

Then the appellee holds up what we said in Wabash R. R. v. Smith, 58 Ill. App. 419, that "the abstract must, as against the appellant, be deemed sufficiently full and accurate to present all the errors upon which" the appellant relies.

If we enforce our rules in one case we must in all; other-

wise we do not administer the law impartially.  It is quite possible that if we turned to the record we might find that the appellant did in fact make a motion for a new trial, a fact, if it be one, which the abstract omits to state.  Reciting that "when the defendant by his counsel entered the motion for a new trial" is no allegation that such a motion was made.

Since the appellee filed his brief, a week—at this present writing—has elapsed, and the appellant has not asked to amend or add to his abstract " To which"—to what ?  Flaningham v. Hogue, 59 Ill.  315.

The judgment is affirmed.

Since the foregoing was written, six days have passed, and the only attention the appellant has given the case is that April 9th he filed a couple of pages of typewriting containing a quotation, as from the opinion of the Supreme Court in Chicago, Milwaukee and St. Paul Ry. v. Walsh, 150 Ill. 607, of language not there; and impressively stating that it " becomes the duty of this court to examine the entire record and determine whether as a matter of law arising from the facts, the judgment was a proper one ; " by which it would seem that this court, and the Appellate Courts of the other districts, and the Supreme Court, have evaded their duty in declining to go to records for matters not shown by abstracts, and they ought to be ashamed of themselves.

MR. PRESIDING JUSTICE GARY ON PETITION FOR REHEARING.

This petition is for the purpose of bringing the case before us by a better record and abstract ; citing Supreme Lodge K. of H. v. Dolberg, 138 Ill. 508, in which case this court had refused such a petition.  The then action of this court was consistent with all its subsequent action upon like premises.  Steinfeld v. Taylor, 51 Ill. App. 399, and many cases since.

It was also in accord with the practice of the Supreme Court.  Boynton v. Champlin, 40 Ill. 63; Haskin v. Haskin, 41 Ill. 197 ; McPherson v. Nelson, 44 Ill. 124.

In this last case the evil consequences of departing from the practice so established are forcibly stated.

In Haskin v. Haskin, the counsel agreed that the omission was not mine, but by the clerk in copying, yet the Supreme Court would not—as is shown in the note to Boynton v. Champlin—reinstate the case. Petition denied.