## George M. Munger, Pliny P. Munger and Orett L. Munger v. Jadwiga Supancicz, by her Next Friend, John Krook.

1. APPELLATE COURT PRACTICE—*Errors Not Assigned.*—Where it is not assigned for error that the court below erred in denying, or not granting, the motion for a new trial, all causes for a new trial which are not of themselves the subject of exceptions, are beyond the consideration of the Appellate Court.

2. NEW TRIALS—*Conduct of Counsel.*—Conduct of counsel during the trial, if objectionable, however exceptionable it may be, can not be made the subject of an exception *per se.* The only mode by which it can be brought before this court for review, is by exception to some ruling of the court in relation to it.

3. MOTION FOR NEW TRIALS—*Reasons Not Assigned, Waived.*—The logical consequences of holding that when a motion is made for a new trial, all reasons therefor not assigned in the motion are waived, seems to be, that if denying the motion is not assigned for error, everything prior to the motion stands unassailable.

4. REHEARINGS—*For What Purpose.*—Rehearings can not be allowed for the purpose of permitting a new case to be made for this court.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

WILLIAM B. KEEP, attorney for appellants.

BRANDT & HOFFMANN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

It is not assigned as error that the Superior Court erred in denying, or not granting, the motion made by the appellant for a new trial, and therefore all causes for a new trial, which are not of themselves the subject of exceptions, are beyond our consideration. Page v. People, 99 Ill. 418; Lang v. Max, 50 Ill. App. 465.

Among such causes are, insufficiency of the evidence to

sustain the verdict, excessive damages and the conduct of counsel—if objectionable—during the trial. However exceptionable may be that conduct, it can not be made the subject of an exception *per se;* the only mode by which it can be brought before us for review, is by exception to some ruling of the court in relation to it. It is not necessary for us to say what we think of matters not properly presented to us. The logical consequence of holding that when a motion is made for a new trial, all reasons therefor not assigned in the motion are waived (Geist v. Pollock, 58 Ill. App. 429), would seem to be that, if denying the motion is not assigned as error, everything prior to the motion stands unassailable.

But not going now so far as that, any supposed extravagance of counsel in addressing the jury being, of itself, not the subject of exception, is not on this record before us for review. Case last cited, and E. J. & E. R. R. v. Fletcher, 128 Ill. 619; Holloway v. Johnson, 129 Ill. 367; 2 Ency. Pl. & Pr. 752 *et seq.*

The speech of the attorney of the appellee, reported in the bill of exceptions, is pretty well sprinkled with exceptions by the appellant, but it does not appear that the judge heard either speech or exceptions. The indications are that the exceptions were allowed by the reporter. The court is not shown to have made any rulings.

Nothing is left for the appellant to complain of but the refusal of some instructions. But of those which the brief says were refused, the record shows some were given, and all the material parts of those which were in fact refused were in others that were given.

There is nothing to review, and the judgment is affirmed.


OPINION BY MR. JUSTICE SHEPARD UPON PETITION FOR A REHEARING.

A rehearing is applied for to permit an assignment of error to be made which would admit of a consideration of the cause upon its merits.

In denying a rehearing, we may say that we did consider

Munger v. Supancicz.

and decide that the cause should be affirmed on its merits, before discovering that no error had been assigned under which we had the right to so decide it. Ditch v. Sennott, 116 Ill. 288.

Rehearings can not be allowed for the purpose of permitting a new case to be made for this court. Thompson v. Economy Furniture Co., 64 Ill. App. 140; Schumacher v. Bell, 61 Ill. App. 644; Ætna Iron Works v. Owen, 62 Ill. App. 603.

Rehearing denied.