## Charles R. Saunders v. Charles E. Hartsook.

1. BAILMENTS—*For the Benefit of Both Parties—Care Required.*—
Where a mare is left with the owner of a stallion for the purpose of
breeding her, and incidentally of keeping her in the pasture of the owner
of the stallion, the latter does not, in the absence of a special contract,
become an insurer of her safety from accidents, but is only bound to
exercise reasonable care and diligence for her safety.

2. SAME—*Reasonable Care Defined.*—The reasonable care required in
cases of property is such care as a reasonably prudent man would
exercise toward the safety of similar property under similar circum-
stances.

3. SAME—*Special Contracts a Question of Fact.*—The question as to
whether there was a special contract between the parties for the care of
the property, and if not, whether ordinary care for its safety was
exercised by the bailee, are questions of fact for the jury.

Action in Case.—Appeal from the Circuit Court of Knox County;
the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court
at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

J. A. McKENZIE, attorney for appellant.

COOK & STEVENS, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action brought by appellant against appellee
to recover damages for the loss of a certain mare, claimed
to have been injured upon a fence partially constructed of
barbed wire, while in the pasture of the latter.

The declaration, as amended, charges in the first count
that the mare was injured because appellee did not exercise
reasonable care for her safety; and, in the second, that she
was placed in charge of appellee under a special contract,
by the terms of which she was to be kept in a certain past-
ure; that she was in the first instance placed in such
pasture, but was afterward removed by appellee to another
and smaller pasture, where she received the injuries com-
plained of; that the changing of said mare from one pasture
to another was contrary to the agreement, and was not the

exercise of due and proper care or caution in the care of said mare on the part of appellee.

The case was instituted in the County Court of Knox County, where, upon trial, the jury gave a verdict for appellee. A new trial having been granted, the venue was, by consent, changed to the Circuit Court of the same county, where there was also a trial before a jury, and a verdict for appellee. A motion for a new trial having been overruled, judgment was entered against appellant for costs. It is urged by appellant that the verdict of the jury was contrary to the evidence and that the court erred in regard to the instructions in the case.

It appears from the evidence that in the summer of 1896 appellant took four mares to appellee's place to be left there for breeding purposes, among them a mare named "Monosh." Appellee informed appellant that he had a large pasture of some forty acres, and also a smaller pasture adjoining, of some six acres, but he needed the latter for his own use and would put the mares in the other pasture. Both of the pastures were inclosed by fences in which barbed wire was used. Appellant had informed appellee that the mares were not used to barbed wire, but after having examined the large pasture he said he would risk it, and that he would leave them there. The mare "Monosh" was very difficult to catch, and on two occasions, when in the large pasture, she had to be substantially run down and cornered before she could be caught. This interfered seriously with the purpose for which she was placed with appellee and he therefore took her out of the large pasture and placed her in the smaller one. While in the latter she in some manner became entangled in the wire of the fence, and received injuries from which she afterward died. The object of placing the mare with appellee was to breed her to a stallion owned by appellee, and not to pasture her. The pasturing was only incident to the principal object. Appellant gave appellee minute instructions concerning the breeding of the mare, and the change from the larger to the smaller pasture was made in order that those instructions

might be more easily and fully carried out. The mare was left with appellee by appellant for the joint benefit of both parties, and under such circumstances the former was, in the absence of a special contract, only bound to use ordinary care for her safety.    Standard Brewery v. Malting Co., 171 Ill. 602.    The question as to whether there was a special contract between the parties for the care of the mare, and if not, whether ordinary care for her safety was exercised by appellee, were both questions of fact for the jury.    Mansfield v. Cole, 61 Ill. 191; Stock Yard Co. v. Mallory, 157 Ill. 554.

The evidence was to some extent conflicting, but two juries have passed upon the question, both of whom have found in favor of appellee, and we will therefore not disturb the verdict on account of any question growing out of the facts in the case.

The instructions given for appellant fully expressed his theory of the case, and the only one refused for him was covered in effect by the instructions given.    Appellant complains of instructions four and five, given for appellee. These instructions told the jury in effect that if they believed from the evidence that appellee received the mare of appellant on his farm for breeding purposes, and that she was left there for such purpose, appellee did not thereby become an insurer of her safety from all accidents, but was only bound to exercise reasonable care and diligence for her safety, and the reasonable care required was explained as being " such care as a reasonably prudent man would exercise toward the safety of similar stock under similar circumstances."    We think these instructions, under the circumstances of the case, fairly presented the law and were free from error.    Standard Brewery v. Malting Co., *supra*.

Instructions six and seven, complained of by appellant, undertook to inform the jury as to the duty incumbent upon the appellee in regard to the care and treatment of the mare after she had received her injury.    The question of the treatment of the mare after she was injured had been entirely eliminated from the case by the amendment of the second count of the declaration after the evidence was

all in. The instructions in question were prepared to meet the case as it was originally presented, and there was no reason for offering them after the amendment was made. They could not, however, have prejudiced appellant's case, and if there was any error in giving them it was entirely immaterial.

Upon a consideration of the whole case we find no material error, and the judgment of the court below will therefore be affirmed. Judgment affirmed.