## Del Rhodes, Appellee, v. Sidney Warsawsky and David Rosenbloom, trading as The Warsawsky Auto Parts Company, Appellants.

### Gen. No. 7,642.

1. BAILMENTS—*sufficiency of evidence to show negligence of bailee in retaining dishonest employee, in action for value of bailed property after theft thereof by such employee.* Evidence in an action to recover the value of an automobile alleged to have been stolen from defendants' garage while in their custody as bailees for hire held insufficient to show negligence on the part of the defendants in retaining in their employ the servant alleged to have taken the automobile.

2. BAILMENTS—*general rule as liability of bailee for hire.* A bailee for hire is not an insurer, but owes to the bailor the duty to exercise that care of the subject of the bailment which every prudent man takes of his goods of like character.

3. BAILMENTS—*what constitutes prima facie case for plaintiff in action by bailor for value of bailed goods not returned on demand.* Where a bailor shows that the subject of the bailment was received by the bailee in good condition, and was not returned on demand, the bailor has made out a prima facie case of negligence against the bailee, rendering it incumbent upon the bailee to show that the loss or damage was not caused by his fault.

4. BAILMENTS—*burden of proof as to negligence of bailee where subject of bailment stolen or destroyed by fire while in his custody.* Where the failure of a bailee to redeliver the bailed goods upon demand is explained by showing that they have been stolen or destroyed by fire, the law will not presume negligence, and the burden of proving the same is upon the bailor.

5. BAILMENTS—*liability of bailee for hire where subject of bailment stolen by employee of bailee.* A bailee for hire is not liable to the bailor for the loss of the subject of bailment in consequence of the theft thereof by the bailee's servant unless it appears that he retained such servant in his employ after he knew, or in the exercise of reasonable diligence should have known, of such servant's dishonesty.

6. BAILMENTS—*inapplicability of res ipsa loquitur to action for value of bailed property stolen by employee of bailee.* The doctrine of res ipsa loquitur has no application to an action by the bailor of an automobile against the bailee thereof to recover the value of the

car, when the failure of the bailee to return the car to the bailor on demand is due to the fact that it has been stolen by an employee of the bailee.

Appeal by plaintiffs from the Circuit Court of Winnebago county; the Hon. E. D. REYNOLDS, Judge, presiding. Heard in this court at the April term, 1926. Reversed and cause remanded. Opinion filed October 11, 1926.

HYER & GILL, for appellants.

EARLY & EARLY, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Appellee was the owner of an automobile which he kept in appellants' garage at an agreed compensation of $7 a month. The car was stolen from the garage on the night of December 7, 1924, and it is claimed that one of appellants' servants, Leggio, a night man at the garage, stole it. Appellee brought this suit against appellants to recover the value of the car. A verdict for $973 was returned by the jury. Judgment was rendered on the verdict and this appeal followed.

Appellants urge several reasons why this judgment should be reversed, and they may all be disposed of under three of the principal causes urged: (1) That the trial court erred in the giving and refusal of instructions; (2) that it erred in admitting and excluding testimony, and (3) that there was no evidence of negligence on the part of appellants sufficient to establish their liability. The evidence shows that appellants were operating a public garage in the city of Rockford. Leggio first entered their employ in January, 1924, and continued to work there until about June 15, 1924. He again returned to work early in September and his employment continued until the car and some cash belonging to appellants were stolen on December 7. While he was so employed, he had

full charge of the garage at night, including cash and about $3,500 worth of personal property belonging to appellants. The garage did no towing service and Leggio had no authority to take any of the cars out of the garage. The testimony of appellee and his son was that they never had any reason to suspect him of stealing up to the time the car was stolen. While the car was stored in appellant's garage, it was taken care of as well as it could have been, and appellee never had any cause to make any complaint, except that on Sunday previous to the night of the car's theft appellee and his son complained to appellants of the car's being dirty inside and that it looked like somebody had slept in it. Appellee intimated that Leggio had staged an indecent party in it, but there is absolutely no evidence in the record to sustain such a claim, or that Leggio had been in the car. Appellee's son had used the car on Saturday afternoon. One of appellants testified that he was at the garage Saturday night until a quarter to one o'clock and the car had not been moved from the place reserved for it. He also testified that certain heel marks on one of the windows were much smaller than that of Leggio's shoes. He went to Leggio immediately after the charge was made and Leggio denied that he had been in the car.

Appellee testified that Leggio was about 17 or 18 years of age and urges that appellants were guilty of negligence in hiring a boy of such immature years, and in putting him in a place where temptation to steal was great. One of appellants testified the boy was 22 years old. If the position of appellee is correct, no business concern could afford to employ any youth in a position of trust. Honesty is not an attribute of age, nor youth evidence of thieving characteristics. There is no merit in this contention of appellee.

Evidence was admitted to the effect that appellants knew Leggio had violated the "State License Law." The purpose was to show appellants had informa-

tion which should have led them to suspect his dishonesty. It is not clear what the term "State License Law" means, but we assume that the witness referred to the Motor Vehicle Law [Cahill's St. ch. 95a] which contains provisions with reference to speed, license numbers on automobiles, etc. We cannot conceive how it is possible to infer that one who violates a provision of the statute as to speed or who fails to obtain a license from the automobile department in due time is to be suspected of being a thief. The admission of this testimony constituted error. There is testimony in the record that one of appellants said some time after the theft that Leggio had been looking for gasoline and a pump the night before the car was stolen, and that this fact ought to have aroused his suspicion that something was wrong. At most, this remark is but an expression of his belief, which was arrived at subsequent to the time of the theft. If it proves anything, it shows that Leggio's act did not arouse appellants' suspicion that their servant was dishonest. By no stretch of the imagination can it be said that the circumstance was sufficient to put appellants upon notice of dishonesty of Leggio. There is nothing in this record which would do so, nor is there anything in the record which proves any negligence upon the part of appellants.

The principal question to be determined, then, is that of the liability of appellants as bailees and where the burden of proof lies. It is well settled that a bailee for hire is not an insurer, but owes to the bailor a duty of ordinary care. *Saunders v. Hartsook,* 85 Ill. App. 55; *Standard Brewery v. Bemis & Curtis Malting Co.,* 171 Ill. 602; *Jacobs v. Grossman,* 310 Ill. 247; *Schaefer v. Washington Safety Deposit Co.,* 281 Ill. 43; 3 R. C. L. Bailments, § 21. As bailees, appellants were bound to exercise such care and diligence as every prudent man takes of his own goods of like character. *Chicago & A. R. Co. v. Scott,* 42 Ill. 132; *National Safe*

*Deposit Co. v. Stead,* 250 Ill. 584; *Schaefer v. Washington Safety Deposit Co., supra.* Ordinary diligence means that degree of care, attention or exertion, which, under the circumstances, a man of ordinary prudence and discretion would use in reference to the particular thing, were it his own property. *Schaefer v. Washington Safety Deposit Co., supra.*

The weight of modern authority holds the rule to be that where the bailor has shown the goods to be received in good condition by the bailee, and were not returned to the bailor on demand, the bailor has made out a case of prima facie negligence against the bailee, and the bailee must show that the loss or damage was caused without his fault. The effect of this rule is not to shift the burden of proof from plaintiff to defendant but simply the burden of proceeding. The bailor must in all instances prove that the bailee was negligent; but when he shows that the goods which he intrusted to the bailee's care were not delivered upon demand, he has made out a prima facie case or created a presumption of negligence, which the bailee may overcome by offering evidence to show that he was not negligent. It was held in *Sanford v. Kimball,* 106 Me. 355, that the bailee has sufficiently exonerated himself from liability when he has shown that the cause of the loss was a mystery. *Miles v. International Hotel Co.,* 289 Ill. 320. The rule that a default by the bailee in delivering or accounting for the property bailed makes a prima facie case of negligence, and that it devolves upon him to show he has exercised the degree of care required by the nature of the bailment, proceeds upon the theory that the facts surrounding the care of the property by the bailee are peculiarly within his knowledge and power to prove. The enforcement of any other rule would impose great difficulties upon bailors. But it is also the rule that where the failure to deliver is explained by the fact appearing that the goods bailed have been stolen or destroyed by fire, and

the bailee is no longer able to deliver them, the law will not presume negligence and the onus or burden of proving the same is upon the bailor. *Nichols v. Union Stock Yards & Transit Co.*, 193 Ill. App. 14; *Chicago, R. I. & P. Ry. Co. v. Kendall*, 72 Ill. App. 105; *Bryan v. Chicago & A. R. Co.*, 169 Ill. App. 181; *Cumins v. Wood*, 44 Ill. 416; *Standard Brewery v. Hales & Curtis Malting Co.*, 70 Ill. App. 363, aff'd 171 Ill. 602. It is true that in each of the cases above cited, the loss was occasioned by fire, but the principle stated in Kent's Commentaries, vol. 2, p. 587, is adhered to: "The bailee, when called upon for the article deposited, must deliver it, or account for his default by showing a loss of it by some violence, theft, or accident. When the loss is shown, the proof of negligence or want of due care is thrown upon the bailor, and the bailee is not bound to prove affirmatively that he used reasonable care." A similar rule is laid down in 3 Am. & Eng. Encyc. of L. (2nd Ed.) 751, and in 6 C. J. p. 1158, § 160. Where the relation of bailee for hire or mutual benefit subsists, it devolves upon the bailee to use ordinary care and diligence in safeguarding the bailor's property. If it is lost through a failure to observe such duty, he is answerable, but of course he is not responsible for any losses not occasioned by the negligence of himself or his servants. He will not therefore be liable for any loss by thieves or for any taking from him or his servant by force. 3 R. C. L. Bailments, § 39. If the bailee proves that the property was stolen or destroyed by fire or accounts for his failure to return or for the injury in any way, which does not on its face involve negligence, or call for further explanation the bailor must prove negligence. 3 R. C. L. Bailments, § 74.

In *Glende v. Spraner*, 198 Ill. App. 584, it is held that a garage keeper, who, for compensation, stores a vehicle for the owner, is not liable for its loss by theft, if he exercised ordinary care to prevent it, and that in

an action by a bailor against a bailee to recover damages for the loss of the bailment, where plaintiff shows delivery of the bailment to defendant, and the failure of defendant to make redelivery, the burden is on defendant to show the exercise of the degree of care required by the nature of the bailment; but where it appears that the bailment was lost, through violence, stolen or destroyed by fire, the burden of proving negligence is on the bailor. In *Stern v. Welensky*, 182 Ill. App. 417, it is held that where a patron of a bathing establishment delivered property to such establishment as bailee and such property could not be returned on demand, a presumption of negligence on the part of the bailee arose and since the bailee failed to show that the property had been lost by some violence or theft, it was liable for the value thereof. In *Gray v. Merriam*, 148 Ill. 179, Ker, the assistant cashier of a bank, stole a depositor's bonds. He had access to these and other special deposits. The testimony showed that about a year before he absconded, the chief officer of the bank learned that Ker was speculating on the Board of Trade in Chicago and had a conversation upon the subject with him. Ker was not known to have any other property but a salary of $1,800. He was, however, allowed to retain his position in the bank. No effort was made to verify the truth as to his speculations, nor any examination made of the special deposits. About two months before he absconded, his speculations were again called to the attention of the bank officers and a second interview had. An examination of the bank's books and securities was made, but none as to the special deposits. The court held the bank was guilty of gross negligence. In that case it affirmatively appeared that the bank had notice of facts which should have aroused their suspicions and caused them to have examined the special deposits or discharged the speculating assistant cashier. But as we have already said, there are no

facts in the record in the case at bar sufficient to charge appellants with notice of their employee's dishonesty or to arouse their suspicions.

In *Geist v. Pollock*, 58 Ill. App. 429, Pollock deposited with defendants $500. It was put in the safe. There was no watchman, but Pollock and another man slept in the building. That night the safe was broken open and this and all other money taken. The court held that if the deposit was a special one, and the same package was to be returned, the appellants were not liable. Appellee contends that under the holding in *Cumins v. Wood, supra,* the burden of proof is on the bailee in such a case; but a different interpretation was put upon that case in *Chicago, R. I. & P. Ry. Co. v. Kendall, supra,* and *Bryan v. Chicago & A. R. Co., supra.* The *Kendall* case quotes the Supreme Court of Massachusetts to the effect that the burden of proof never shifts, but is upon the plaintiff from the beginning to the end of the trial. Such appears to be the rule in this State. *Koczora v. Standard Safe Deposit Co.,* 221 Ill. App. 43, was reversed because the court instructed the jury that when plaintiff had made out a prima facie case, the burden then rested upon the bailee to show by a preponderance of the evidence that the loss was not caused by its negligence. The opinion distinguishes the burden of proceeding from the burden of proof. It is true that some authorities in other jurisdictions are not in harmony with the general rule, but it is apparent that the courts of Illinois follow it.

Appellee claims that where the theft of a bailment is committed by a bailee's employee, a different rule applies, and it remains to be determined whether that contention is correct. It is not wholly free from difficulty. In *Tinucane v. Small,* 1 Espinasse's Nisi Prius 315 (Eng.), it is held that where goods are bailed to be kept for hire, the bailee is bound to take the same care of them as he would of his own, and therefore if they are stolen by the bailee's servants, without gross

negligence on his part, the bailee is not liable. There are a few cases to the effect that the burden of proof is on the bailor where the property is stolen. The mere fact that the bailee's servant stole the property does not cast upon the bailee the burden of showing want of negligence in selecting and keeping such servants, but the burden is on the bailor to show negligence in this respect on the part of the bailee. *Firestone Tire & Rubber Co. v. Pacific Transfer Co.*, 120 Wash. 665; 26 A. L. R. 217, note 26 A. L. R. 232 *et seq.* In *Vigeant v. Nelson*, 140 Ill. App. 644, certain goods belonging to a guest of a family hotel were stolen by the proprietor's servant. They were taken from the guest's trunk which he took there with him and which was placed in a storage room in the basement. The proprietor sued the guest for a board bill and a counterclaim was set up for the value of the stolen goods. It was claimed that the technical relation of innkeeper and guest existed and that therefore the keeper was an insurer of the goods, but the court held the establishment was not an inn for transient guests, but a boarding house of the kind known as a family hotel. In holding the proprietor not liable the court said:

"There was no evidence of negligence on the part of the defendant in error, either in the care of the trunk or in the employment of servants. There was evidence, not that a porter had been 'a convicted thief,' as counsel for plaintiff in error suggests, but that he actually was a thief and stole the goods in question, together with some belonging to the defendant in error, and was properly punished therefor. But there is no reason to suppose that defendant in error had any knowledge, means of knowledge, or grounds of suspicion of his bad character when she employed him."

In *Evans v. Williams*, 232 Ill. App. 439, cited by appellee, the bailee's servant, without authority to do so, took the bailor's car out for a "joy-ride" and wrecked it. The decision in that case rested wholly

upon the question of negligence and in no way involved a crime of a servant. Other cases cited by appellee relate to the same question. There is a wide difference between the law fixing liability for a servant's negligence and the law fixing liability for the consequences of his crime.

Appellee contends that the doctrine of *res ipsa loquitur* applies to the facts in this case. With this we cannot agree. It has also been held that proof that a bailee dealt with his own property and the bailors in the same way ordinarily raises a presumption of adequate diligence—a prima facie showing of diligence. 3 R. C. L. Bailments, § 76; 6 C. J. Bailments, § 160.

Appellee's first instruction is as follows: "The court instructs the jury that this is a suit on a contract of bailment by the bailor, plaintiff, against bailees, defendants, and that such contract is in its nature, a direct and personal obligation, whereby the bailees undertook personally to keep safely the property committed to their care; that the actual work of guarding the property may be delegated to an employee, but by so doing, the bailees, defendants, are not to be relieved from their personal obligation on their contract of bailment; and that any negligence of the employee in protecting or taking care of the property is the negligence of the employer or bailees." It is predicated upon the assumption that an employee's negligence is an element involved in the case and tends to lead a jury to the conclusion that appellants were insurers against thefts by an employee. The instruction should not have been given. Appellants' fourth and fifth refused instructions omitted elements necessary for a proper statement of the law and there was no error in their refusal.

Appellee, over the objection of appellants, was permitted to reopen his case after it was closed to produce additional testimony. The court had a discretionary

right to do so, but should not have permitted appellee to cross-examine and ask leading questions of his witness Buzzard.   Upon proper representation made by counsel of surprise or that a witness is unwilling, reticent, evasive, or hostile, an attorney may be permitted to ask leading questions, and cross-examine his own witness, but this is an indulgence which is largely in the discretion of the court and such discretion should not be abused by passive permission to an attorney to cross-examine his witness at his own pleasure.   The right should be extended by the court only when it is apparent to the court that the ends of justice require it in order to arouse the conscience and enliven the memory of a wilfully reticent witness.   *Pegram v. Mutual Protective League,* 159 Ill. App. 214.

Our conclusion is that appellants are not liable to appellee for the loss of the car in question, unless they knew or by the exercise of reasonable care should have known that the servant who stole the car was dishonest and that they thereafter retained him in their employ, but the record is devoid of any proof to that effect. For the reasons above pointed out, the judgment is reversed and the cause remanded.

*Reversed and cause remanded.*