SWIFT & CO.

*v.*

WILLIAM J. FUE.

*Filed at Ottawa June 8, 1897—Rehearing denied October 12, 1897.*

1. APPEALS AND ERRORS—*matters desired to be reviewed must be embraced in assignment of errors.*  An objection that a certain ordinance was improperly admitted at trial cannot be considered on appeal, where there is no assignment of error which questions the ruling of the court on the admission of evidence.

2. SAME—*instruction for a particular verdict must be in writing.*  An instruction directing the jury to return a particular verdict must be in writing in order to preserve for review the action of the trial court in refusing to give the same.

3. PRACTICE—*when motion in arrest of judgment is properly denied.*  A motion in arrest of judgment is properly denied where there is one good count in the declaration which is applicable to the evidence and sufficient to support the judgment.

*Swift & Co.* v. *Fue,* 66 Ill. App. 651, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

JOHN A. POST, (SAMUEL S. PAGE, of counsel,) for appellant.

BRANDT & HOFFMANN, and L. H. CRAIG, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of Cook county against appellant, a corporation, for a personal injury sustained by him while in its employ as a servant, in oiling fanning machinery, and the Appellate Court affirmed the judgment.

Appellant asks a reversal because of the admission in evidence of an ordinance of the city of Chicago requiring machinery to be covered, and because the court denied its motion to instruct the jury to return a verdict of not guilty. Neither of these alleged errors can be considered in this court. As to the first, there is no assignment of error which questions the ruling of the court in the admission of evidence. The assignment of errors in the Appellate Court was as follows: "First, the trial court erred in refusing to instruct the jury to return a verdict of not guilty, as requested by the defendant at the close of plaintiff's evidence; second, the trial court erred in refusing to instruct the jury to return a verdict of not guilty, as requested by the defendant at the time when the evidence was all in and both sides had rested; third, the trial court erred in refusing to grant a new trial because and on the ground that the said trial court had refused to instruct the jury to return a verdict of not guilty, as requested by the defendant at the close of the plaintiff's evidence; fourth, the trial court erred in refusing to grant a new trial because and on the ground that said trial court had erred in refusing to instruct the jury to return a verdict of not guilty, as requested by defendant at the close of the evidence when both sides had rested; fifth, the trial court erred in refusing to arrest judgment on the motion of defendant." The assignment of errors in this court questions the decision of the Appellate Court upon the errors presented to it, and no error in the admission of evidence was there assigned. The question, therefore, whether the enactment of such

an ordinance as the one admitted in evidence was within the powers committed by the legislature to the city of Chicago, so as to enable it to create new duties or impose civil liabilities between individuals, will not be considered.

As to the alleged error that the court erred in refusing an instruction to the jury to find the defendant not guilty, the record shows that at the close of the evidence for plaintiff the defendant entered its motion for such an instruction, that the motion was overruled, and that the defendant excepted. After the evidence was all in the motion was renewed, and was again overruled and exception taken. No written instruction was presented to the court with a request to give it. In *Bartelott* v. *International Bank*, 119 Ill. 259, motions to instruct the jury to find a particular verdict were likened to demurrers to evidence, without the particularity required in such demurrers, and it was said (p. 269): "They are usually informal, and most frequently made by simply presenting to the court an instruction, to be given or refused, instructing the jury that the evidence is excluded, or that they should find for the defendant, or, it may be, both." The usual practice was there stated; and again, in *Wenona Coal Co.* v. *Holmquist*, 152 Ill. 581, the question whether such an instruction must be written came up, and it was said that the expressions used in the decisions of this court in respect to requests for such an instruction were intended to refer to requests made by submitting to the court an instruction in writing to be given to the jury. The sections of the Practice act requiring instructions to be in writing and marked by the judge were quoted, and it was held that an instruction for a particular verdict must be written. Appellant strenuously insists that this decision was wrong; that the statute was not intended to apply to such cases, and that the direction is no more than an announcement of the court's order sustaining a demurrer to evidence, and not a principle of

law to guide a jury in their deliberation upon facts. We are not disposed to depart from the ruling there made. The motion raises a question of law whether there is evidence on which the jury can legally found a verdict. The court is to determine whether there is, or is not, evidence from which it may be reasonably inferred that the facts alleged constituting a cause of action exist, and, therefore, whether there is evidence legally tending to support such cause of action. The result is to be announced to the jury as a conclusion of law, with an order for a verdict in accordance with the conclusion. It is, at all events, the better practice that the instruction should be written, and we adhere to the former decision.

Appellant says that although this instruction was not in writing, yet it presented to the court written instructions numbered 38, 39 and 40, applicable to the several counts, telling the jury that the plaintiff had not made out a case under the respective counts as named in each instruction, and that such count should be disregarded altogether. These instructions to disregard the particular counts were included in the twenty-nine instructions given on behalf of defendant, under which the case was submitted to the jury for the decision on the facts, and they were refused. But here, again, there is no assignment of error in the refusal of any of this series of instructions. The only assignment of error is in the refusal to give the oral instruction.

There was a motion in arrest of judgment, which was overruled. If there was one good count in the declaration it was properly denied. (*Gebbie* v. *Mooney*, 121 Ill. 255; *Shreffler* v. *Nadelhoffer*, 133 id. 536.) The third count, or additional count, as it is called, was based on the ordinance before referred to, and whether that count was good or not, the others were sufficient, and there was no error in denying the motion.

The judgment will be affirmed.

*Judgment affirmed.*