S. K. Martin Lumber Co. v. Walsh Bros.

## S. K. Martin Lumber Co. v. Walsh Bros.

1. INTEREST—*An Agreement to Pay Must be Shown.*—An agreement to pay interest, if denied, must be proved by a preponderance of the evidence.

Assumpsit, on the common counts. Trial in the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

A. C. NORTON, attorney for appellant.

H. E. TORRANCE, attorney for appellees.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit upon the common counts to recover a balance claimed by appellant to be due it from appellees. Appellant was a wholesale dealer in lumber, and appellees were engaged in the retail trade, purchasing large bills of lumber from appellant. The amount in controversy is $131.34, and consists entirely in a claim for interest on bills of lumber purchased by appellees from appellant. The only evidence of any agreement to pay interest, is the testimony of E. B. Martin that he received a letter from appellees agreeing to pay interest. This testimony is explicitly denied by appellees, and the letter itself is not produced. Appellant, as an excuse for not producing the letter, claims that it must have been destroyed in a fire which consumed appellant's books and papers in August, 1894, but we think that can hardly be so, because if such letter was sent by appellees at all, it must have been written after the agreement to extend time of payment of bills from sixty to ninety days, in compliance with appellees' request of October 2, 1894. There is therefore no preponderance of the evidence as to an agreement to pay interest. As going to show an agreement or understanding that interest was to be paid, it is claimed that appellees paid one bill of $235.61

which included $6.31 for interest, and that such payment was in full settlement to date. But we think the evidence shows that after the payment of $235.61 was made, appellants were overpaid, so far as bills actually due were concerned, something like the sum of $500, so that the contention that the draft marked Exhibit " L," for $235.61, was in full settlement to date is not proven.

The jury returned a verdict in favor of appellees, and as no vexatious delay was proven, nor any other legal obligation to pay interest shown, we think the verdict was warranted by the evidence. Even though there may have been some slight inaccuracies in the instructions, as the verdict ought not to have been otherwise than it was, under the evidence, the judgment should not be reversed for that reason. One of the grounds of the motion for new trial, was surprise at certain testimony introduced by appellees, and this part of the motion was supported by affidavits. We think there was no error in overruling the motion. If appellant was in fact surprised by the testimony of appellees, it could have moved for a continuance of the cause, or dismissed its suit. It ought not to be permitted to speculate on getting a verdict at the hands of the jury, and if disappointed, obtain a new trial on the ground of surprise. We think the judgment was right and it will be affirmed.