WILLIAM SKAKEL

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1900.*

1. APPEALS AND ERRORS—*constitutional question cannot be brought into case by mere argument of counsel.* A writ of error to reverse a conviction by the criminal court of Cook county for an offense below the grade of felony cannot be dismissed by the Appellate Court on the ground that a constitutional question is involved, if such question is not raised by the record or assignment of errors, but is merely contended for in the argument of the plaintiff in error.

2. SAME—*questions not preserved in record not reviewable by Appellate Court.* Even though a constitutional question is presented for the determination of the criminal court, yet if the same is not properly preserved in the record in the Appellate Court and covered by the assignment of errors it must be deemed waived by plaintiff in error and is not open to review in that court.

*Skakel* v. *People*, 86 Ill. App. 686, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

W. A. FOSTER, for plaintiff in error.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, and ALBERT C. BARNES, for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

At the July term, 1897, of the criminal court of Cook county, plaintiff in error was indicted for operating a tape machine in violation of section 1 of an act in force June 21, 1895. (1 Starr & Cur. Stat. Crim. Code, par. 266.) At the same term he was admitted to bail. At each of the July, August, September and October terms, 1898, he appeared in court on the first day of the term and demanded a trial, which was not granted. At the Novem-

ber term, 1898, he filed a plea in abatement and prayed for his discharge on account of delay in bringing him to trial, to which plea the court sustained a demurrer.

The plaintiff in error was tried at the November term, 1898, convicted, and sentenced to pay a fine of $500 and costs.   He sued out a writ of error from the Appellate Court for the First District to the criminal court of Cook county to reverse such judgment, and in that court, among others, assigned the following errors: ` (1) "The court erred in sustaining the demurrer to appellant's plea in abatement."   (2) "The criminal court erred in refusing to discharge appellant out of custody at the November, 1898, term of the criminal court, this appellant at four several consecutive terms of said court having demanded trial." The court dismissed the writ of error on the ground that it was contended and argued by counsel for plaintiff in error in that court, that the following statute:

"Sec. 18.  Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term.   If any such person shall have been admitted to bail for an alleged offense, other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried, if not, then at the first term after the expiration of said four months:

*Provided,* that if the court shall be satisfied that due exertions have been made to procure the evidence on behalf of the People, and that there is reasonable ground to believe such evidence may be procured at the next term or at some term to commence within seventy (70) days thereafter, the court may continue the cause to such term." (1 Starr & Cur. Stat. Crim. Code, par. 623.)

—is unconstitutional, in that it is contrary to the provisions of the constitution declaring the right of one accused of a criminal offense to a "speedy public trial;" that the validity of said statute and the construction of said constitutional provision were involved, and that the court was without jurisdiction to consider and decide such questions. The plaintiff in error has sued out a writ of error from this court to the Appellate Court for the First District to reverse such order of dismissal, and has assigned as error in this court that the Appellate Court erred in holding that the validity of said statute and the construction of said constitutional provision were involved, and that it had no jurisdiction, and in dismissing said case.

The writ of error was properly sued out of the Appellate Court to the criminal court of Cook county under section 88 of the Practice act, which provides: "Appeals from and writs of error to  *  *  *  the criminal court of Cook county  *  *  *  in all criminal cases, below the grade of felony, shall be taken directly to the Appellate Court," (3 Starr & Cur. Stat. Practice act, par. 89,) unless the validity of a statute or construction of a constitutional provision was involved. The controlling questions therefore are, were the validity of said statute and the construction of said constitutional provision involved in the decision of the case as it was then pending in the Appellate Court?

We are of the opinion that such questions were not involved, as the record and the assignment of errors do not present such questions, and counsel for plaintiff in

error, by contention and argument, could not inject them into the case. If he might, it would then lie in the power of counsel at all times to deprive that court of jurisdiction simply by insisting that the validity of a statute or construction of a constitutional provision was involved, however absurd. In the case of *St. Louis Transfer Co.* v. *Canty,* 103 Ill. 423, we said (p. 424): "It is not enough for counsel merely to say the validity of a statute is involved, to give us jurisdiction, for if that were the law, every case might be brought here upon a simple assertion of counsel, however absurd that assertion might be. The record must show that the validity of the statute is in good faith, and not simply pretendedly, involved, to give us jurisdiction on that ground."

Even though the questions may have been presented for the determination of the criminal court, if the same were not properly preserved in the record in the Appellate Court they were waived by the plaintiff in error and were not open to review in that court. Every error must be specifically pointed out in the assignment of errors (*Swift & Co.* v. *Fue,* 167 Ill. 443,) so clearly that from the showing error is manifest, (*Gibler* v. *City of Mattoon,* 167 Ill. 18,) and an error not assigned is not open to review. *Gilbert* v. *Maggord,* 1 Scam. 471; *Jackson* v. *Warren,* 32 Ill. 331; *Thayer* v. *Peck,* 93 id. 357; *Diversey* v. *Johnson,* id. 547; *Page* v. *People,* 99 id. 418.

The judgment of the Appellate Court dismissing the writ of error for the reasons assigned is reversed, and the cause remanded to that court for disposition consistent with the views herein expressed.

*Reversed and remanded.*