# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—OCTOBER TERM, 1900.

## Chicago G. W. Ry. Co. v. Ellen Gitchell et al.

1. APPELLATE COURT PRACTICE—*Where the Court is Precluded from Passing upon the Sufficiency of the Evidence to Sustain the Verdict.*—Where the party bringing a case to the Appellate Court fails to assign as error the overruling of the motion for a new trial, the sufficiency of the evidence to sustain the verdict is not open for review.

2. MEASURE OF DAMAGES—*Straw Destroyed by Fire from an Engine.*—Where straw in the stack is destroyed by fire from a locomotive engine, as in this case, the measure of damages is the market value of like straw at the nearest market, plus the cost of getting it from such market to the place where the other straw was destroyed.

**Action for Damages.**—Loss of property destroyed by fire. Appeal from the County Court of Ogle County; the Hon. FRANK E. REED, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

J. B. STEPHENS, attorney for appellant.

J. C. SEYSTER and FRANK BACON, attorneys for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellees, Ellen Gitchell and George Ackerson, to recover damages for injuries caused by fire to their partnership property, October 9, 1899. The fire was set by an engine passing over the road of appellant in the town of Byron in Ogle county. It caught in the dry weeds

and grass growing upon the right of way and ran from there to the land of another party, and thence onto the farm occupied by appellees. It destroyed about 100 tons of oat straw in stack, some fencing, and a couple of gates. It also burned over certain stubble, meadow and pasture lands and a field where there was standing corn. Appellees were partners in farming the premises in question, the land being owned by appellee Gitchell and the farming conducted by appellee Ackerson, each furnishing a portion of the seed used and the live stock upon the place. The declaration in the case set forth the damages above mentioned and also claimed reasonable attorneys' fees for bringing and prosecuting the suit. The general issue was filed.

Appellant did not deny the destruction of the property in question, but admitted its liability therefor, and before the trial made a tender of $260, which was refused by appellees as being insufficient to cover the loss. The amount tendered was then brought into court and deposited with the clerk. The jury gave a verdict in favor of appellees for $390. It also found specially in answer to questions submitted to it, that appellees' reasonable attorneys' fee up to the time of the filing of the plea of tender exceeded the sum of $50; that there were 100 tons of straw destroyed and that its fair cash market value in the nearest market, at the time it was destroyed, was $2.50 per ton. A motion for a new trial was overruled and judgment entered against appellant for the amount of the verdict and costs, less the amount deposited with the clerk of the court as aforesaid.

Appellant failed to assign as error the overruling of the motion for a new trial, consequently the sufficiency of the evidence to sustain the verdict is not before us.

The only question properly presented to us is, whether or not the court erred in giving the second instruction for appellees and in not giving the second and third instructions offered for appellant. These instructions raised the question of the true measure of damages for the destruc-

tion of the straw. The instruction given for appellees upon the subject was as follows:

" The court instructs you that if you believe from the evidence that the plaintiffs raised the straw burned for the purpose of feeding the same on the farm, and if you further believe from the evidence that there was no market for the sale of straw at the time and place it was destroyed, then the measure of damages for the burning of such straw is the market value of straw of the same kind in the nearest place to said farm, where it could have been bought, *plus* the cost of conveying it from the place where purchased to the place where it was burned."

Appellant's refused instructions above referred to, told the jury that the measure of damages was the actual, fair, cash market value of the straw at the nearest market, *less* the cost of delivering the same thereat. These instructions raised directly the question as to whether, in determining the measure of damages, in a case where there is no market value for the property in question at the place where it was destroyed, the cost of conveying like property to or from the nearest market must be added or deducted. We are of opinion that this question depends largely upon the circumstances of the case.

Appellees had 130 head of horses and cattle to be fed upon their place and the jury found in effect that appellees raised the straw for the purpose of feeding the same to the stock on the farm and that there was no market value for the straw at the place it was destroyed. Had the straw been raised to sell as a crop in the market, then no doubt the measure of damages would have been the fair cash market value in the nearest market, less the cost of conveying it to that market; but in this case, as appellees had a large amount of stock to which they expected to feed the straw on the place where it was raised, and it appeared from the evidence that the people of the neighborhood did not raise straw to sell, a different rule must be applied. The straw was destroyed by appellant and it should indemnify appellees for their loss. The only way in which they can be indemnified is by awarding them an amount suffi-

cient to purchase other straw of like quality, delivered on their place.

The rule of law as to the measure of damages in such a case is that it is the market value at the nearest market plus the cost of getting the property from the market to the place where the other property was destroyed.    1 Sedg. on Damages (8th Ed.), Sec. 246 ; Sutherland on Damages (2d Ed.), Sec. 1080 and 1098 ; Capen v. DeSteiger Glass Co., 105 Ill. 185.

The theory of the law adopted by the court below in instructing the jury was correct and its judgment will be affirmed.