DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1904.

---

## Mary Doyle, Admx., v. Illinois Central Railroad Company.

### Gen. No. 4,244.

1. ASSIGNMENT OF ERRORS—*effect of absence of.* Where a particular point argued upon appeal is not embraced within the assignment of errors, it will not be considered by the court.

2. MEMORANDA—*when witness should not be permitted to refer to.* A witness should not be permitted to refer to memoranda which are copies of records, where it does not appear that the original records were made in the ordinary course of business, by persons whose duty it was to make them, and that they were made at the time of the occurrences of transactions they purport to record.

3. MEMORANDA—*when witness may refer to.* Where books and documents are voluminous, schedules showing data and results may be used by a witness in testifying, but, even in such case, the originals should be at hand, so that the opposite party may have an opportunity to examine them to verify the correctness of such schedules.

4. RULES—*when book containing, is competent.* In an action for personal injuries, it is competent to introduce in evidence a book of rules compiled by the defendant company, which purported to give certain information as to the height of bridges, etc., where it appears that the information contained in such book was incorrect as to the height of the particular bridge which it was claimed caused the death of the plaintiff's intestate.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of La Salle County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Heard in this court at the April term, 1903.

Doyle v. I. C. R. R. Co.

Reversed and remanded.  Opinion filed October 23, 1903.  Rehearing denied and additional opinion filed April 28, 1904.

THOMAS N. HASKINS and A. J. O'CONOR, for appellant.

EDGAR ELDREDGE, for appellee; WILLIAM BARGE, of counsel.

MR. JUSTICE FARMER delivered the opinion of the court.

This was an action brought by plaintiff against defendant to recover for the death of Charles Doyle.  Deceased was employed by defendant as a brakeman on a freight train.  On the night of February 3, 1897, he was head brakeman on his train, and just before his death was riding in the cab of the engine.  As the train approached Dixon he left the cab and climbed up on top of the train.  The two cars next to the engine were refrigerator cars and higher than the ordinary freight cars.  Between where the deceased left the cab of the engine and Dixon was an overhead bridge, claimed by plaintiff to have been but eighteen feet and two inches above the rails.  When the train arrived at Dixon, Doyle was found dead on top of one of the cars, his skull crushed, the result, as alleged, of coming in contact with the bridge.

The original declaration was filed December 31, 1897. October, 1898, by leave of court, five additional counts were filed.  In November, 1902, two further additional counts to the declaration were filed, to which defendant pleaded the two years' Statute of Limitations.  Plaintiff demurred to this plea, but the court overruled the demurrer.  February, 1903, by leave of court, plaintiff filed a further additional count to the declaration, to which defendant again pleaded the Statute of Limitations.  Plaintiff demurred to this plea, which demurrer was overruled. For the purposes of this opinion it is unnecessary to discuss the action of the court in overruling the demurrers to these pleas.  The question is discussed by counsel in their brief and argument, but as it is not one of the errors preserved by the assignment of errors, it is not before us for our consideration.  Swift & Co. v. Fue, 167 Ill. 443; Gibler

v. City of Mattoon, 167 Ill. 18; Skakel v. The People, 188 Ill. 291.    A trial was had by jury, and at the conclusion of plaintiff's evidence, the court directed the jury to find defendant not guilty, which was done, and judgment rendered against plaintiff for costs, to all of which plaintiff duly excepted and prosecutes this appeal.

On the trial plaintiff introduced as a witness to make certain proof, John Daly, division superintendent for defendant.    On direct examination nothing was asked of him as to how long deceased had been employed by defendant, nor how often in the discharge of his duties he had passed the bridge which is alleged to have caused his death.    On cross-examination the court permitted counsel for defendant to examine the witness on this question and permitted the witness to testify from a memorandum made by him from the train register sheets and time slips, when deceased entered the service of defendant and how many trips he had made during his employment that took him under the bridge in question.    The books and papers from which the memorandum was made were not kept by the witness.    He stated the time register sheets were kept by the train dispatcher, and the time slips were made by the conductors. He did not pretend to have any personal knowledge of the correctness of these entries nor of the facts shown by them.    He also testified that since making the memorandum he had not looked for the originals and did not know whether they were still in existence.    While this testimony was clearly not cross-examination, it was not objected to on that ground but was objected to as being incompetent.    The court overruled the objection, which we think was error.    It was not shown that the writings or entries from which the memorandum was claimed to have been copied, were made in the ordinary course of business by persons whose duty it was to make them, nor that they were made at the time of the occurrences of transactions they professed to record.    It is undoubtedly true that in cases where books and documents are very voluminous, schedules showing data and results may be

used by a witness in testifying, but even in such cases it seems the originals should be produced so that the opposite side may have an opportunity to examine as to the correctness of the memoranda or schedules. In commenting on this character of testimony being allowed, it is said in Boston & Worcester R. R. Co. v. Dana, 1 Gray, 83 : " It should only be done where books and documents are multifarious and voluminous, and of a character to render it difficult for the jury to comprehend the material facts without the aid of such statements, and even in such cases they should not be admitted unless verified by persons who have prepared them from the *originals in proof*, and who testify to their accuracy, and after ample time has been given to the adverse party to examine them and test their accuracy." This rule has been adopted in many adjudicated cases, and is the law as laid down in all the text books on evidence with which we are familiar. Plaintiff, after identifying by defendant's road master and division-superintendent a book of rules as the book of rules of defendant and proving by the division superintendent that the custom and practice of defendant was to furnish employees in its train service with such book of rules, and that he thought one was furnished deceased, offered in evidence a portion of the book giving a list of the bridges and tunnels on the line of the railroad having a clearance of less than twenty feet, and giving the number, height and location of such structures. The book gave the number of the bridge which is said to have caused the death of plaintiff's intestate as 419½, its location as between Eldena and Dixon, and its height as nineteen feet. Plaintiff introduced evidence that it was in fact but eighteen feet and two inches high. The court on objection of defendant refused to allow the rule to be introduced in evidence and plaintiff excepted. We think the evidence was material and competent and should have been admitted.

For the reasons indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

PER CURIAM.

Since the foregoing opinion was filed appellee has by leave of court filed an amendment to the bill of exceptions by which it appears that the rule of appellee printed in its book of rules giving a list of bridges and tunnels on its line and their location and height, and referred to in the opinion originally filed in this case, was in fact admitted in evidence, and the statement in the original bill of exceptions that said rule was not admitted was incorrect.

A petition for a rehearing was also filed by appellee, and it is insisted with this correction made the judgment of the Circuit Court should be affirmed. It is claimed that leaving out the testimony of appellee's division superintendent, who testified from memoranda, made from train register sheets and time slips, as to the number of times deceased, in the discharge of his duties, had passed the bridge which is alleged to have caused his death, there was enough other competent evidence admitted to show that deceased was familiar with the bridge and its location. The evidence relied on is the testimony of Mary Doyle, widow of deceased, John A. Green, one of appellee's train conductors, and the rule above referred to. We have carefully read and examined this testimony and are of opinion it is too indefinite and uncertain to warrant us in holding that it proves the fact claimed by appellee. If we could agree with appellee's contention in this respect we would not be disposed to disturb the judgment, but for the error mentioned in the original opinion, not cured by the amendment, we adhere to the conclusion there reached that the judgment must be reversed and remanded.

*Rehearing denied.*