Central Union Building Co. v. Kolander.

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.

113    305
a212s   27

## Central Union Building Company v. Katherine Kolander, Admx.

### Gen. No. 11,072.

1. PEREMPTORY INSTRUCTION—*when, proper in personal injury case.* An instruction taking the case from the jury may be given where there is no evidence tending to prove the negligence charged. It is not in such a case a question of the preponderance of the evidence to be weighed and determined by the court, but if the party whose duty it is to use due care was so clearly and palpably negligent that all reasonable minds would so pronounce without hesitation or dissent, the court may so pronounce by instruction to the jury.

2. NEGLIGENCE—*when jury's finding upon, will not be disturbed.* The question of negligence is, ordinarily, one of fact, and if the jury's finding upon such a question is not clearly contrary to the evidence, it will not be disturbed by the reviewing court.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed March 18, 1904.

ALEXANDER CLARK, for appellant.

SAMUEL COHEN and WOOD & ELMER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee recovered a judgment against appellant in an action to recover for injuries resulting in the death of Joseph Kolander alleged to have been caused by negligence of appellant.

The declaration charges that the deceased was in the employ of appellant as conductor of an elevator; that the elevator was provided with an automatic stop in general use, designed to stop the elevator at the end of its course, which stop it is alleged was out of order the day of the

accident and for a long time previous; that this condition caused it to fail to act properly, and caused said elevator to start without warning and rendered it unsafe to any person thereon or thereabouts; that the defendant negligently and carelessly permitted this condition to exist, and instructed the deceased to work the elevator, whereby he was injured, causing his death.

Appellant's contention is that the evidence for appellee did not warrant the court in allowing the case to go to the jury; that the motion to exclude at the close of the plaintiff's evidence should have been allowed. No other errors are relied upon for reversal. An instruction taking the case from the jury may be given when there is no evidence legally tending to prove the negligence charged. Frazer v. Howe, 106 Ill. 563, 573-4; Roberts v. C. & G. T. Ry. Co., 78 Ill. App. 530; Winona Coal Co. v. Holmquist, 152 Ill. 581, 589. It is not in such case a question of preponderance of evidence to be weighed and determined by the court. If the party whose duty it is to use due care is so clearly and palpably negligent that all reasonable minds would so pronounce without hesitation or dissent, the court may so pronounce by instructions to the jury. Hoehn v. C. P. & St. L. Ry. Co., 152 Ill. 223, 229. The rule is a familiar one and needs scarcely to be stated.

There is in this case no conflict of evidence. The contention is that the evidence does not sustain the verdict. The declaration charges that the automatic stop was disconnected, old, worn out and imperfect, and that this condition caused " it to fail to act properly, but instead to start said elevator suddenly in a certain direction without warning." We find no evidence fairly tending to sustain this precise averment. The evidence is that if the elevator was not stopped by the operator before it reached the bottom, the failure to act of the automatic stop—which was an emergency stop intended to operate only when the operator did not himself stop the elevator—would allow the elevator to descend with a slight jar causing some rebound, and that this rebound would cause the elevator to reverse itself and

begin to ascend of its own motion. There is evidence tending to show that the automatic stop was out of order, and evidence from which the jury might rightfully infer that it had been in that condition for some time before the accident. The defect was caused by the absence of a " key," which appears to have slipped out of place and which could not be found after the accident. It seems to have been a defect which a careful inspection would have disclosed.

There was no eye-witness to the occurrence by which the deceased lost his life. He had come down alone on the elevator making the last trip just about the time of quitting work for the day. It was the custom when leaving at night to pull down an iron shutter which closed the entrance to the elevator shaft. This shutter was found about half way down, where it would be of a convenient height to be closed from the outside. Commencing on the inside of this shutter there were marks tending to show that the deceased had been caught between the elevator floor and the shutter and in this way dragged up as far as a window recess in the wall of the shaft at the third story. In that window recess he was apparently released from the elevator and lodged there for the moment at least, the elevator passing on in its ascent. From this window recess he fell to the bottom of the elevator shaft. He died soon after by reason of the injuries thus received. How he came to be caught between the elevator and the iron door or shutter can only be conjectured. From the fact that the shutter was half way down, it is a theory that after pulling it down that far, he started to get out under the shutter; that the elevator meanwhile started to ascend and he was caught while getting out. It may be that had he not relied on the elevator to stop itself at the bottom, instead of bringing it to a stop himself, before attempting to get out, the accident would not have occurred. On the other hand the evidence tends to show that had the automatic stop been in an effective condition the elevator would have stopped and remained in its place instead of reascending. The evidence tends to show that the apparatus by which the elevator was

operated was out of order in a way such that the jury might reasonably infer caused the accident. It is true the accident may not have happened in the exact manner described in the declaration, that is, the defective stop may not have directly caused the elevator to reverse itself; but if it was the cause of the rebound which did cause the elevator to reverse itself, it may have been the actual cause of the injury. The only one who could explain how the accident occurred was the deceased. It may be that he did stop the descent by use of the controlling cable in the ordinary way or supposed he had done so, and yet did not do it quickly enough to prevent a jar sufficient to cause it to reverse itself. We cannot say the evidence justifies a conclusion that the injury was caused by negligence of the deceased. That question, as well as the question whether it was caused by the negligence of appellant, was for the jury. It is possible that sitting as jurors we might not have reached the conclusion which the verdict indicates. But the question of negligence is ordinarily a question of fact, and where the jury's finding on such a question is not clearly contrary to the evidence it ought not to be disturbed by a reviewing court. "Where, on undisputed facts, fair-minded men of ordinary intelligence may differ as to the inferences to be drawn, or where on even a conceded state of facts a different conclusion would reasonably be reached by different minds, in all such cases negligence is a question of fact. The fact to be determined is the existence or non-existence of negligence. With all the facts considered, if there is a reasonable chance of conclusions differing thereon, then it is a question for a jury." Wabash Ry. Co. v. Brown, 152 Ill. 484, 488.

The judgment of the Superior Court must be affirmed.

*Affirmed.*

Mr. Justice STEIN having presided at the hearing of this case in the trial court, did not participate in the foregoing opinion.