## Chicago & Alton Railway Company v. C. W. Brooks.

1. MOTION FOR PEREMPTORY INSTRUCTION—*how, should be made.* A motion to exclude the plaintiff's evidence, and to instruct for the defendant, must be made in writing, and where not so made, its refusal cannot be urged as error upon appeal.

2. SPECIAL FINDINGS—*when, properly refused.* Where special findings refer to mere evidentiary matters, they are properly refused.

3. SPECIAL FINDING—*when refusal of, improper.* The refusal in an action on the case for personal injuries of a special finding as follows : " Were the usual duties of the engine crew and the plaintiff such as to bring them into habitual association, so as to promote proper caution in respect to their mutual safety,"— held, reversible error.

4. FELLOW-SERVANTS—*rule of, defined.* Under the rule relating to fellow-servants as established in this state, two tests of the master's liability exist : first, where they are directly cooperating with each other in a particular business in the same line of employment; and, second, where their duties are such as to bring them into habitual association so that they may exercise a mutual influence upon each other, promotive of proper caution.

Action on the case for personal injuries. Appeal from the Circuit Court of Greene County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

WILLIAM BROWN and HENRY T. RAINEY, for appellant.

D. J. SULLIVAN, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action on the case brought by appellee, Brooks, in the Circuit Court of Greene county to recover for injuries received by him through the alleged negligence of the defendant. The first count of the declaration, which contains two counts, avers that Brooks was employed by the defendant at its tower house situated about a mile and a quarter west of the city of Roodhouse; that he boarded in Roodhouse and was furnished by defendant with a hurdy-gurdy on which to ride on defendant's tracks from his boarding place to and from his employment, and was authorized by defendant to use its tracks for that purpose; that on January 14, 1902, while plaintiff was riding the hurdy-gurdy on the tracks and going from Roodhouse to his employment, using due care for his safety, "a certain engine and tender of the defendant upon the tracks aforesaid was so carelessly and negligently managed and operated by defendant's servants that said engine and tender was run against and upon the plaintiff whereby," etc., setting out the injuries. The second count is substantially the same except that it avers that Brooks was authorized and *directed* to ride as above stated. Defendant demurred to the declaration; the trial court overruled the demurrer and thereupon the defendant pleaded the general issue. No question is made that the declaration is insufficient to sustain the judgment. The jury rendered a verdict for Brooks for the sum of $16,250. The court required a remittitur of $6,250, and thereupon overruled defendant's motion for a new trial and rendered judgment against the defendant for $10,000.

The first assignment of error is the overruling of defendant's motion to exclude the evidence. In this there was no error. The abstract and the record show that at the conclusion of the evidence on the part of the plaintiff and again at the conclusion of all the evidence the defendant moved the court to exclude the evidence and to instruct the jury to find the defendant not guilty. The motion was made, we presume, *viva voce*, as no written motion appears

in the record; the record fails to show that any written instructions so to find were presented to the court and by the court refused. This it was necessary the defendant should do if it desired to preserve the question. The Wenona Coal Co. v. Holmquist, 152 Ill. 581; Swift & Co. v. Fue, 167 Ill. 443.

The second assignment of error is the court's refusal to submit certain special findings of fact requested by defendant. Of these special questions the defendant submitted to the court only twenty-eight in number, of which four were given and twenty-four were refused. The most of the questions refused called for answers merely evidentiary or wholly irrelevant. We quote a few: "Was the whistle on said engine sounded and the bell rung, or either, for said crossing? Did the plaintiff after said accident occurred state he must have been asleep when said engine struck him? Under the terms of the plaintiff's employment with the defendant company could he on the morning of the accident have walked from Roodhouse to his place of business? Did said injury occur at or very near a public crossing?"

Some of the questions sought to reach the subject of fellow-servants. The following were submitted: "Were the engine crew and plaintiff at the time of the accident employed about the same work in which the plaintiff was injured? Were the plaintiff and the said engine crew acting in one common service at the time of the accident? Were the usual duties of the engine crew and the plaintiff such as to bring them into habitual association so as to promote proper caution in respect to their mutual safety?" The last one is marked in the abstract as No. 22.

The court, at the request of the defendant, gave the following, to which answers were made:

Number 1. "Was the defendant company negligent at the time of the accident?" Answer. "Yes."

Number 2. "Was the plaintiff at the time of the said accident using proper care and caution in providing for his own safety?" Answer. "Yes."

Number 3. "Did the plaintiff, in riding on said hurdy-

gurdy, place himself in a position of peril?" Answer. "No."

Number 4. "Were the plaintiff and the engine crew employed by the same common employer and engaged in the same line of employment and were their duties such as to bring them into habitual association so that they might exercise an influence upon each other promotive of proper caution in respect to their mutual safety?" Answer. "No."

We think the question above stated as number 22 ought to have been submitted to the jury. The asking by the defendant of number 4, given, did not preclude it from the right to ask number 22.

Under the rule relating to fellow-servants, as established in this state, two tests of the master's liability exist: first, where they are directly cooperating with each other in a particular business in the same line of employment, and, second, where their duties are such as to bring them into habitual association so that they may exercise a mutual influence upon each other promotive of proper caution. As thus construed the qualifying words "so that they may exercise a mutual influence upon each other promotive of proper caution" have no application to the first, but are limited entirely to the second. Chicago & Alton Railway Co. v. Swan, 176 Ill. 428. Question 4, which was given, does not correctly state these two tests. The elements of that question are, first, were the plaintiff and the engine crew employed by the same common employer; second, were they engaged in the same line of employment; third, were their duties such as to bring them into habitual association, etc. That question asks if all three of these matters co-existed. The question was defective in not properly stating the first test, "whether they were directly cooperating with each other in a particular business." We do not think the answer made to that question necessarily leads to the conclusion that the same answer would have been made to number 22. Number 22 submitted the second test alone. It is manifestly better that the two tests should be submitted separately. The subject is then more clearly presented to the jury.

It is also assigned as error that the court gave improper instructions on the part of the plaintiff and refused proper instructions asked by defendant. In the argument of counsel for defendant no objection is pointed out to any instruction given for plaintiff and we consequently forego any discussion of them.

Instruction number 10, refused, is as follows: "You are instructed that, if you believe from the evidence that at the time of the accident in question the duties of the engine crew and plaintiff were such as to bring them into habitual association so as to promote proper caution in respect to their mutual safety, then you are instructed they are fellow-servants, and you should find for the defendant."

Instruction number 10 given on behalf of the defendant is in this language: "You are instructed that, if you believe from the evidence that the engine crew and the plaintiff were employed by the same employer, engaged in the same line of employment, and that their duties were such as to bring them into habitual association so that they might exercise an influence upon each other promotive of proper caution, then they were fellow-servants and the jury will find the defendant not guilty." This instruction is in substantially the same language as question 4 submitted to the jury. It includes just the same elements and in the same manner, conjunctively. The defendant was entitled to have the jury instructed as to the second test of fellow-servants free from combination with any other element. The fact that defendant asked number 10 given, did not deprive it of the right to submit and have given the one refused. In no instruction was the doctrine of fellow-servants correctly stated. Number 10 refused, would have given the jury a correct statement of the second test. The first test is not correctly stated in any instruction given or refused. The first and second instructions given for plaintiff closes with these words: "provided the jury believe from the evidence the plaintiff and engine crew were not fellow-servants." The only instruction which in any wise

defined "fellow-servants" was said number 10 given for defendant. No instruction properly defined fellow-servants. The jury were left to form their own conclusion, or at the most were limited to said number 10. Instructions numbers 1 and 2 for plaintiff should not have been given without proper definition of the term "fellow-servants," either in those instructions or by reference to some one given simply as such definition.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*