## Nathan H. Todd v. William L. Banning.

### Gen. No. 11,681.

1. BILL OF EXCEPTIONS—*effect where, does not purport to contain all the evidence.* Where the bill of exceptions does not purport to contain all the evidence in the case, the presumption is that the verdict was sustained by the proof.

2. NEW TRIAL—*when surprise not ground for.* Where the plaintiff in an action is surprised by the proof offered by the defendant and does not apply for a continuance or take a non-suit, he cannot subsequently, as a general rule, have a new trial upon the ground of surprise.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM. Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 18, 1905.

W. R. HAUZE, for appellant.

CANDLISH, FLETCHER & HAMBLEN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff (appellant) sued appellee to recover rent on a lease before a justice of the peace. The case was appealed to the Superior Court and on the trial in that court a verdict was rendered against the plaintiff, and judgment was rendered on the verdict.

The defense to the action was a surrender of the lease, agreed to by both parties.

In support of the motion for new trial, affidavits of several men were read, to the effect that the plaintiff was misled by conversations and by testimony before the justice of the peace to believe that the only defense claimed was the alleged failure to make repairs, and that the testimony as to the release took him by surprise, and that plaintiff was consequently unable to procure the testimony of Merigold & Clover to the effect that it was not agreed to release appellee on the lease and accept a surrender thereof.

The bill of exceptions in this case does not contain a certificate of the judge trying the case that it contains all the

evidence offered and received on the trial. "The practice is well settled, that where the bill of exceptions fails to show that it contains all the evidence in the case, we will not examine whether the evidence it does contain supports the verdict." Miner v. Phillips, 42 Ill. 123; Cogshall v. Beesley, 76 Ill. 445. The presumption is, in such a state of the record, that the verdict is sustained by the proof. Marske v. Willard, 66 Ill. App. 87.

No error is pointed out to us or urged in argument in the rulings of the court on evidence, or the refusal of instructions. The real ground upon which appellant asks for a reversal of the judgment is surprise. This was first raised by the plaintiff on the motion for a new trial, by affidavits.

Appellant might, if he had desired, " at the conclusion of the evidence or before the case was submitted to the jury, have taken a non-suit, and bringing another suit could, upon the trial of that, have produced the evidence of what is set forth in the affidavits." * * * " In most cases one party is to some degree surprised, at the trial, by the evidence introduced by the other. The plaintiff is usually in a position where he can obviate the effect of this by taking a non-suit and beginning again. If instead of doing this, he speculates upon what the result of the evidence adduced will be, it is seldom that a new trial will be granted to him because of such surprise." Beadle County Nat'l Bank v. Hyman, 33 Ill. App. 613; Dueber Watch Case Mfg. Co. v. Lapp, 35 Ill. App. 375; Hellman v. Schwartz, 44 Ill. App. 87.

No error was committed by the court in denying the motion for a new trial. The judgment is affirmed.

*Affirmed.*