### THE ANGLO-WYOMING OIL FIELDS

*v.*

### MARTIN JACOB MILLER.

*Opinion filed June 23, 1905.*

1. APPEALS AND ERRORS—*errors not assigned are not open for review.* Alleged error will not be reviewed on appeal unless covered by the formal assignments of error upon the record.

2. EVIDENCE—*what tends to show non-residence of defendant.* The introduction in evidence, in assumpsit, of a written contract between plaintiff and defendant, reciting that the defendant was a "company registered in England under the Companies act,". tends to show the defendant's non-residence.

3. SAME—*when admission of parol proof is harmless.* In assumpsit, where the proof shows that representatives of the defendant in this country acted for and on behalf of the defendant in making the contract in suit and that their action was ratified by the defendant, it is not prejudicial error to permit parol proof tending to show they acted under a written power of attorney.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county in favor of the appellee for the sum of $4385.45, in an action of *indebitatus assumpsit*

brought by the appellee, against the appellant, to recover for his services and expenses as technical engineer while in the employ of the appellant in the United States. A jury was waived and a trial was had before the court. The appellee submitted propositions of law but none were submitted by the appellant.

LOBELL & LOBELL, J. M. LAVENTHAL, and WILLIAM H. MARTZ, (WILLIAM A. BOWLES, of counsel,) for appellant.

LEE D. MATHIAS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant has assigned as error that the superior court erred in its findings of fact, and its brief filed consists largely of a discussion of the facts. This court does not review the facts in cases of this character, and such assignment of error and discussion are therefore immaterial and improper in this court.

It is urged that the trial court erred in holding that there could be a recovery upon the common counts, as it is said the contract is in writing and is executory. The action of the trial court in so holding, if it did so hold, is not assigned as error in this court and was not assigned as error in the Appellate Court. That question is not, therefore, open for review in this court. In *Berry* v. *City of Chicago,* 192 Ill. 154, on page 155, it is said: "In *Skakel* v. *People,* 188 Ill. 291, on page 294 we say: 'Every error must be specifically pointed out in the assignment of errors, (*Swift & Co.* v. *Fue,* 167 Ill. 443,) so clearly that from the showing error is manifest, (*Gibler* v. *City of Mattoon,* 167 Ill. 18,) and an error not assigned is not open to review.—*Gilbert* v. *Maggord,* 1 Scam. 471; *Jackson* v. *Warren,* 32 Ill. 331; *Thayer* v. *Peck,* 93 id. 357; *Diversey* v. *Johnson,* id. 547; *Page* v. *People,* 99 id. 418.' "

The suit was commenced by attachment, and it is contended there is no proof in the record that the appellant was

a non-resident of this State. The written contract between the parties, which is under seal, was introduced in evidence, and it recites that the appellant is a "company registered in England under the Companies acts of 1862 to 1900, A. D." This recital was uncontradicted and tended to establish the non-residence of appellant.

It is also said the money in the hands of the garnishee was not the property of the appellant. The evidence was conflicting upon that question, and the judgments of the trial and Appellate Courts are conclusive in this court as against the appellant.

It is also urged the court erred in admitting parol proof of the existence of a power of attorney held by certain representatives of the appellant in this country. The evidence tended to show that the persons who it was said had a power of attorney to represent the appellant in this country acted for and on behalf of the appellant and that their action on its behalf was ratified by appellant. That evidence was sufficient to bind the appellant, and the proof that such persons were appointed to represent the appellant in this country by power of attorney without producing the power of attorney, if error, was harmless error.

We have gone through this record with care, with a view to ascertain the merits of the matters in controversy between the parties to the suit, and find that they involve almost wholly a consideration of controverted questions of fact, and we have been unable to discover any rulings of the trial court upon questions of law raised during the trial and presented for our consideration upon this appeal which should work a reversal of the judgment of the trial court, and are of the opinion the judgment of that court was properly affirmed by the Appellate Court.

The judgment of the Appellate Court will therefore be affirmed.                              *Judgment affirmed.*