## City of Kankakee v. Georgia A. Phipps.

### Gen. No. 4,830.

1. PERSONAL INJURIES—*when evidence of similar accidents com-
petent.* Evidence of similar accidents from the same cause is
competent, not for the purpose of showing independent acts of
negligence, but as tending to show that the common cause of
the accidents is a dangerous and unsafe thing.

2. ASSIGNMENTS OF ERROR—*necessity of.* Where there is no
assignment of error which questions the rulings of the court in
refusing instructions, such questions will not be considered on
appeal.

3. VERDICT—*when sufficiency of evidence to sustain, will not be
considered on review.* Where no assignment of error is made upon
the action of the court in overruling a motion for a new trial,
the sufficiency of the evidence to sustain the verdict will not
be considered on appeal.

Action in case for personal injuries. Appeal from the Circuit
Court of Kankakee county; the Hon. ALBERT O. MARSHALL, Judge,
presiding. Heard in this court at the April term, 1907. Affirmed.
Opinion filed August 6, 1907.

A. E. SMITH, for appellant.

W. R. HUNTER and B. L. COOPER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case by Georgia A. Phipps against the city of Kankakee to recover for personal injuries resulting from a fall alleged to have been caused by a defective sidewalk. The jury returned a verdict in favor of plaintiff for $500. A motion for a new trial, with the reasons therefor in writing, was overruled and judgment returned on the verdict. The defendant appeals.

Amongst the reasons urged for a new trial in the Circuit Court and assigned for error in this court was the following: "The court admitted on the trial improper evidence on the part of the complainant, that is to say, evidence to show that other accidents had occurred in the same place where the complainant sustained injuries." This is the only assignment of error on the evidence. Evidence of similar accidents from the same cause is competent, not for the purpose of showing independent acts of negligence, but as tending to show that the common cause of the accidents is a dangerous, unsafe thing. City of Bloomington v. Legg, 151 Ill. 9; City of Taylorville v. Stafford, 196 Ill. 288; Chicago v. Jarvis, 226 Ill. 614.

Counsel have argued that the court erred in refusing instructions asked by appellant. The motion for a new trial does not contain any such reason, nor is it among the errors assigned on the record in this court, hence that question is not presented for our consideration. A party will be held to have waived all causes for a new trial not set forth in his written grounds therefor. Hentz v. Graupner, 138 Ill. 158; Landt v. McCullogh, 206 Ill. 214; Peoria Star v. Lambert, 115 Ill. App. 319. Where there is no assignment of error

which questions the rulings of the trial court, the question will not be considered on appeal. Swift & Co. v. Fue, 167 Ill. 443; Anglo-Wyoming Oil Fields v. Miller, 216 Ill. 272; Doyle v. I. C. R. R., 113 Ill. App. 532.

No complaint or assignment of error is made upon the action of the court in overruling the motion for a new trial, consequently the sufficiency of the evidence to sustain the verdict is not before us. C. G. W. Ry. v. Gitchell, 95 Ill. App. 1; Munger v. Supancicz, 64 Ill. App. 661. There being no error in the case presented for review the judgment is affirmed.

*Affirmed.*