W. FRED BLACK, Defendant in Error, *vs.* AUGUSTA BOTZKE, Plaintiff in Error.

*Opinion filed February 16, 1910.*

APPEALS AND ERRORS—*when a constitutional question is not involved.* A constitutional question is not involved, so as to give the Supreme Court direct appellate jurisdiction, where the constitutional question raised in the trial court is not argued in the brief, which argues another constitutional question not raised in the court below.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding.

ALBERT WESLEY GOTTSCHALK, for plaintiff in error.

EDWIN H. ABBOTT, for defendant in error.

Per CURIAM: This was an action of forcible entry and detainer commenced in the municipal court of Chicago by the defendant in error against the plaintiff in error to re-

cover possession of certain premises located in the city of Chicago. A trial was had before a jury, which resulted in a verdict and judgment in favor of the defendant in error, and a writ of error has been sued out from this court to the municipal court to review said judgment. The case is sought to be brought to this court direct, on the ground that the constitutionality of a statute is involved.

The record recites that the plaintiff in error moved in the municipal court to quash the complaint and the summons and to dismiss the suit at the plaintiff's costs on the ground that that portion of the Municipal Court act which refers to forcible entry and detainer suits is unconstitutional, on the ground that it amounts to class legislation. That motion was denied, and it is assigned as error upon the record filed in this court that the trial court erred in refusing to quash the complaint and summons and to dismiss the suit at the plaintiff's costs on the ground that that portion of the Municipal Court act which refers to forcible entry and detainer suits is unconstitutional. The brief of plaintiff in error, however, filed in this court, contains no reference to the Municipal Court act which refers to the forcible entry and detainer suits, but under the heading "The Statute Unconstitutional," is found a discussion of the constitutionality of that portion of the Practice act which makes it possible· for a landlord to unite a claim for rent with a suit for possession· in an action of forcible detainer, and it is claimed that provision of the Practice act is unconstitutional and void because the subject of forcible entry and detainer is not found in the title to the Practice act and because said provision is in conflict with sections 1 and 2 of the bill of rights. The constitutionality of the provision of the Municipal Court act referred to is not discussed in the brief filed in this court and the constitutionality of the provision of the Practice act referred to in the brief was not raised in the municipal court. No constitutional question is therefore raised in this court upon this

record, and this court is without jurisdiction to entertain this writ of error. It is not enough to say in the brief, to give this court jurisdiction, the constitutionality of a statute is involved. When the constitutionality of a statute is sought to be raised in this court its constitutionality must be raised by proper assignments of error; (*Skakel* v. *People,* 188 Ill. 291; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633;) and even though a constitutional question is raised in the court below and proper assignments of error appear upon the record to present the question for review in this court, such question will be deemed to have been waived and will not be considered by this court if it is not argued in the briefs filed in this court.

This court being without jurisdiction the case will be transferred to the Appellate Court for the First District, and the clerk of this court will transmit to the clerk of the Appellate Court the transcript and all the files in the case, together with the order transferring the case.

*Case transferred.*