## L. C. Carden, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

### Gen. No. 18,123.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed November 3, 1913.

### Statement of the Case.

Action by L. C. Carden against the Chicago Railways Company for damages for personal injuries received in alighting from a street car. From a judgment for plaintiff for one thousand dollars, defendant brings error.

EDWARD C. STEARNS and FRANK L. KRIETE, for plaintiff in error; JOHN R. GUILLIAMS, of counsel.

H. E. WYNEKOOP, for defendant in error; EDWARD MAHER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is sufficient.* A statement of claim that may be insufficient if tested by demurrer under the strict rules of common law pleading may be sufficient under the Municipal Court Act and the rules of court.

2. DAMAGES, § 168*—*when question on willingness to submit to physical examination, improper.* Plaintiff in a personal injury case cannot be compelled to submit to a physical examination by a physician, and a question whether plaintiff will submit, proper on cross-examination, may be improper on recross-examination.

· 3. APPEAL AND ERROR. § 1499*—*when refusal to permit question on physical examination is harmless.* Refusal to permit a question to plaintiff whether he will submit to a physical examination is harmless where the verdict would not have been diminished if the question had been permitted.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

4. STREET RAILWAYS, § 152*—*verdict not disturbed unless against weight of evidence.* Negligence and contributory negligence in a street railway accident case are primarily questions of fact, and the verdict of the jury thereon will not be disturbed unless clearly and manifestly against the weight of the evidence.