Mississippi Lime and Material Company and Aetna Insurance Company, Appellees, v. Alton & Eastern Railroad Company, Appellant.

Opinion filed February 12, 1930. Rehearing denied March 29, 1930.

KEEFE, BANDY & LISTEMAN, for appellant.

POPE & DRIEMEYER, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

In the court below a trial resulted in a verdict and judgment for $2,924.24 in favor of the appellee, Aetna Insurance Company, in an action of trespass on the case wherein the declaration, consisting of one count, alleged, in general terms, that the appellant so carelessly and negligently drove its locomotive against a motor truck owned by the appellee, the Mississippi Lime and Material Company, that by reason thereof the truck was demolished. The declaration further alleged that the servants of the Mississippi Lime and Material Company were in the exercise of ordinary care for the safety of the truck at the time of the collision. The general issue was filed by appellant. The truck was insured against damage by collision by the appellee insurance company and it is not contended that the insurance company has not paid to the insured the amount of the verdict for the loss of the truck, nor that the insurance company has not been subrogated to the right of the owner of the truck to sue for its destruction.

One of the alleged errors assigned by appellant for a reversal of the case is that the court erred in enter-

ing judgment upon the verdict because the testimony fails to prove that the accident was caused by the negligence of the appellant as charged in the declaration. This alleged error was not assigned as a ground for a motion for a new trial made in the trial court. There is no general assignment of error that the trial court erred in overruling the motion for a new trial, nor that the evidence in the case is insufficient to support the verdict and judgment. The testimony bearing upon the negligence of the appellant is in conflict and of such a character, as will hereafter appear, that its weight was a matter peculiarly for the determination of the jury. There is evidence in the case fairly tending to prove the negligence of the appellant as charged in the declaration. The court did not err in overruling appellant's motion for a directed verdict at the close of all of the evidence. *Central Ry. Co. v. Mehlenbeck,* 103 Ill. App. 17; *Donk Bros. Coal & Coke Co. v. Slata,* 133 Ill. App. 280.

It is also assigned as error, and most earnestly insisted by the appellant, that the testimony shows that the driver in charge of the truck was not in the exercise of ordinary care for the safety of the truck at the time of the collision.

As a general rule, contributory negligence is a question of fact, but when there is no dispute as to the facts, and when all reasonable minds will agree upon consideration of the facts, that the plaintiff's own negligence contributed to the injury, the question of contributory negligence becomes one of law. *Beidler v. Branshaw,* 200 Ill. 425; *Belt Railroad Co. v. Skszypczak,* 225 Ill. 242. An examination of the facts and circumstances appearing in the evidence of this case does not convince us that the question of contributory negligence is one of law, as thus defined by our Supreme Court, and justifies this court to hold that the owner of the truck was in effect guilty of contributory negligence *per se,* as is contended by appellant.

The testimony was that the appellee, the Mississippi Lime and Material Company, owns and operates a plant handling crushed rock, cement and sand near the river front in Alton. Between the river and the company's plant, the appellant has its main line track extending east and west. Branching off from this main track, running parallel thereto and extending immediately in front of the plaintiff's plant, there is a switch track. The Lime and Material Company has a concrete warehouse which extends to within about four feet and nine inches of the nearest rail of the switch track. There is a road that crosses the main and switch tracks at right angles and enters the property of the Lime and Material Company. West of the concrete warehouse, the company maintains a hopper or a batcher which is used for dumping material into trucks of the company which are driven over this road and under the hopper for this purpose. This hopper stood on legs and at its east end was about seven and one-half feet from the nearest rail of the switch track.

On March 20, 1928, one of the trucks belonging to the Lime and Material Company was driven by their employee, Walter Estes, in a southerly direction upon this road and under the hopper for the purpose of being loaded with material. Estes and his truck were facing the switch track when he drove under the hopper. Either immediately before he was ready to stop his truck, or instantly after he had stopped, a collision occurred between the truck and the defendant's switch engine No. 154, which had backed off of the main track onto the switch track to clear the main track for appellant's switch engine No. 152. The engine was backing at a speed of three or four miles an hour eastward and collided with the truck. The truck was knocked against a support of the hopper, dislodging it, and the hopper with the material it contained, fell on the truck resulting in the destruction of that vehicle. There was no one on the rear of the locomotive to give warning

of its approach. The testimony whether a whistle was blown or a bell rung, is in conflict; employees of the Lime and Material Company and employees of the Railroad Company being in different places at the time of the accident, gave contradictory evidence whether any signal by blowing a whistle or ringing a bell was given by the appellant. The evidence further shows that the switch track is straight, upon level ground, and that if a person should step out beyond the concrete warehouse, he could see for several hundred feet in the direction from which the switch engine approached.

Estes testified that he had been employed by the Lime and Material Company for about three years as a chauffeur; that he knew of the existence of the switch track and that he had driven across the railroad track several times a day for almost three years; that he knew that trains operated over the track, and had seen them there on various occasions; that he drove the truck at the time in question, toward the switch track and after he had spotted it, to receive a load from the hopper, he saw the switch engine for the first time at a distance of from 20 to 25 feet east of him; that the warehouse obstructed his view of the engine for a greater distance, the wheels of the truck being then about 18 inches from the tracks. He also testified that he was giving attention whether a train was coming and he was listening; that no signal of the approach of the engine was given; that no whistle was sounded and he did not hear the bell ringing on the engine; that there was no noise preventing him from hearing such signals; that for ten seconds before stopping the truck in position under the hopper, he was looking backward to ascertain the proper location to place the truck. The fireman on engine No. 154 testified that Estes moved the truck toward the engine and as he turned the truck, the hub thereof caught on the third journal of the engine.

It appears from the testimony of Estes that it was not his intention to cross the switch track, nor was he attempting to do so when the truck was struck by the engine. He was facing the tracks as he drove the truck under the hopper and might have been able by using ordinary care, to have stopped the truck if he had seén the locomotive coming at the rate of three to four miles per hour at a distance of 20 to 25 feet from him, in time to have prevented the collision. We cannot say, considering all the evidence, that he was guilty of contributory negligence, as a matter of law, because he drove the truck a few inches too near the tracks, as he momentarily looked backward in the performance of his duty to spot the truck and place it clear of the passing engine. We cannot say that the verdict of the jury finding that he was not guilty of contributory negligence is against the manifest weight of the evidence. *Central Union Bldg. Co. v. Kolander,* 113 Ill. App. 305; *Carden v. Chicago Rys. Co.,* 183 Ill. App. 168.

The superintendent of the Lime and Material Company testified on behalf of the appellees and on cross examination by appellant, that the Lime and Material Company owned the switch track and maintained it. Appellant did not object to this testimony when introduced in chief and introduced evidence upon its own behalf to the effect that the appellant owned and maintained the switch track. It is too late for the appellant to insist that this evidence was inadmissible because the appellees did not introduce a deed showing their ownership of the switch track, as the testimony introduced by the appellant was of the same character. A party cannot on appeal complain of an error in admitting evidence, without objection at the trial, which has been committed against him where it appears that a like error has been committed in his favor. *Jones v. Sanitary District,* 265 Ill. 98; *Kuhn v. Eppstein,* 239 Ill. 555; *Bogart v. Brazee,* 331 Ill. 160.

After the question of the ownership of the switch track had been submitted to the jury for a verdict on the evidence introduced by both parties as above indicated, the appellant, after verdict, made a motion for a new trial, one of the grounds assigned for a new trial being that the appellant was surprised by the testimony given by the superintendent of the Lime and Material Company, that such company owned and maintained the switch track. To a motion for a new trial, the appellant attached the affidavit of a civil engineer of the appellant railroad company swearing that he had made an examination of the records; that a deed appeared on record showing that the railroad company was the owner of the switch track; and further that said railroad company maintained the said switch track and kept it in repair; that the report of the section foreman of said railroad shows that at various times the railroad had installed new rails on the switch track; and three ties were applied on June 14, 1926. No motion was made at the time this testimony was introduced for a continuance to enable the appellant to disprove the testimony of the superintendent of the Lime and Material Company, that such company owned and maintained the switch track. A party asking for a new trial for surprise at evidence admitted must indicate surprise to the trial court at the time and ask for delay or a continuance to enable him to obtain other evidence. *Tindall v. Chicago & N. W. Ry. Co.*, 200 Ill. App. 556; *Robishaw v. Schiller Piano Co.*, 179 Ill. App. 163; *Nehring v. Ricker*, 126 Ill. App. 262.

The assignment of error in this court on the introduction of this evidence, is, that the testimony that the Lime and Material Company owned and maintained the switch track is untrue as shown by the affidavit attached to the motion for a new trial. This was not one of the grounds assigned for a motion for a

new trial in the court below and consequently there is no ruling by the trial court on the alleged falsity of this testimony, and an exception thereto by the appellant. Therefore the question will not be considered on appeal. *City of Kankakee v. Phipps,* 135 Ill. App. 585. Furthermore we do not think that the appellant should be permitted to take his chances for a successful verdict on testimony which he allowed to be admitted without objection, and in opposition to which he introduced evidence of a like character. Plaintiff ought not to be permitted to speculate on getting a verdict at the hands of the jury, and if disappointed, obtain a new trial on the ground of surprise. *Martin Lumber Co. v. Walsh Bros.,* 81 Ill. App. 403; *Todd v. Banning,* 118 Ill. App. 676. And this rule has been applied where the motion for a new trial on the ground that he was surprised by the perjured testimony of a witness of his opponent. *Barnes v. Childers* (Mo. App.), 246 S. W. 342.

It is also urged by appellant that the court erred in admitting testimony of one Briggs, a common laborer employed by the Lime and Material Company, that the switch engine had no business on the switch track. The evidence indisputably shows that the appellant used the switch track to clear the main track and for other purposes and that Engine No. 154 was backing on the switch on the occasion in question, to clear the main track.

We do not consider the admission of this part of Briggs' testimony, taken together with all of his evidence, as reversible error.

Not finding the record subject to reversible error as assigned by appellant, the judgment of the lower court is hereby affirmed.

*Affirmed.*