ÌRVIN W. SPOONER *v.* JOHN L. MATTOON.

*Bailment.   Negligence.   Evidence.*

Money deposited for the sole benefit of the bailor, without any special undertaking on the part of the bailee, and without expectation of reward, constitutes a simple *depositum.* In a bailment of this character, the bailee is bound to exercise only slight diligence, and is responsible only for gross neglect.

The plaintiff and the defendant were soldiers in camp, occupying tents ten rods apart. The plaintiff had considerable money, and fearing it might not be safe with him, had left it with the defendant, his friend, without expectation of reward, for safe keeping, for two nights, and called for it in the morning. The third night he so left it but did not call for it in the morning, and the defendant being desirous of relieving himself of the care of it, started, before going upon duty, for the tent of the plaintiff, with the intention of returning it to him. For the purpose of not exposing the pocket book containing the money to view, having no pocket large enough to contain it, he placed it between his shirt and vest, intending to keep it secure by the pressure of his arm upon it. On the way, his attention was diverted, and the pocket book slipped out, and was lost. The county court excluded the inference that the defendant embezzled the money. *Held,* that the defendant was not guilty of gross negligence.

ASSUMPSIT in a special count, and a count for money had and received. Plea, the general issue, and trial by the court by consent of the parties, at the May Term, 1866, BARRETT, J., presiding.

The plaintiff gave evidence tending to support his declaration, and thereby proved that both he and the defendant were soldiers in the 4th Vermont regiment, and in March, 1865, were with the army near Petersburgh, Virginia; that the plaintiff, in the early part of that month, had considerable money, and fearing that it might not be safe in his own custody during the nights, he had, for one or two nights previous to the 4th day of March, delivered it to the defendant privately for safe keeping, and early the following morning had called on the defendant, at the defendant's tent, and taken it back. On the night of the 4th day of March, he delivered it in like manner to the defendant for safe keeping, and the defendant received the same for that purpose, and kept it through the night, and immediately after breakfast the next morning, being Sunday, the defendant, as the plaintiff had not come for the money, took it, in the pocket book containing it, which was of unusual large size and length, from

the place in which he had kept it through the night, and started for the plaintiff's tent, which was ten rods distant from the tent of the defendant, and having no convenient pocket for so large a pocket book, he put it inside of his vest, between that and his shirt, intending, as he himself said, to keep his mind upon it all the way to the plaintiff's tent ; that on his way he forgot himself, but when he had got within about a rod of the plaintiff's tent, he bethought himself in respect to the pocket book, and put his hand inside of his vest to take it out, so as to have it ready to deliver to the plaintiff as soon as he entered the plaintiff's tent, and it was not there, and, as he said, it had sliped out on his way. Immediately search was made for it in the track he had pursued, and in the tent of the defendant, and enquiry was made of the inmates of the defendant's tent, but it was not found. The defendant said he saw only one man out while he was on his way, and he seemed to be going in the direction of the tents of the 9th New York heavy artillery, and he and the plaintiff went to the tents of that regiment as soon as they could, but could get no clue to that man. The money has become wholly lost to the plaintiff.

The plaintiff and the defendant were acquaintances, and on account of having been wounded, were doing some kind of camp service appropriate for invalids. The defendant received the money as a friend in whom the plaintiff had confidence, and as one not known as likely to be supposed to have any considerable amount of money on hand, and without any compensation being offered, asked, or expected for keeping the same.

The defendant testified that after he put the pocket book inside of his vest, as aforesaid, he did nothing for the purpose of holding it there, and pressing it from slipping out ; that his vest buttoned around him with ordinary tightness, and that he wore a loose blouse outside, and that the plaintiff did not request him to bring the money to the plaintiff.

The foregoing facts are substantially the version given by the defendant.

The court did not decide that the defendant had embezzled the plaintiff's money, but put their decision upon the facts above stated,

and the evidence tending to show that the defendant lost the pocket book, from which facts and evidence in connection with the absence of any evidence or claim that there was anything to divert or distract the mind of the defendant from the subject of the pocket book, and it appearing that the carrying of it to the plaintiff was the sole purpose for which the defendant was then going to the plaintiff's tent. The court were of opinion that the defendant was not only lacking in exercise of ordinary care, but was chargeable with actual negligence, and particularly in view of the fact that owing to the character of the place in which he put it he regarded it important that he should keep his mind on it all the way. Yet his vest was in fact so loose that it slipped out without his knowing it, and he both forgot himself in respect to it, and failed of taking any means like pressing his arm against it, or something equivalent, to keep it from slipping out.

The amount of money entrusted to the defendant, and lost to the plaintiff, was $775.00, and the same was lost on the 5th day of March, 1865.

For that sum, with interest, the court rendered judgment for the plaintiff,—to which the defendant excepted.

*Washburn & Marsh,* for the defendant.

The bailment in this case was a " deposit " for the sole benefit of the bailor. As such, the bailor is answerable only for *gross negligence,* and responsible only for *slight diligence,* or the want of *good faith.* Story on Bailment, pp. 23, 62 ; 1 Parsons on Con. 570, 571 ; 2 Kent's Com. 560 ; Edwards on Bailment, 35, 47, 67, 69 ; Jones on Bailment, 25 ; *Foster et al., Ex'rs,* v. *Essex Bank,* 17 Mass. 479, 500.

The fact that the defendant undertook to carry the money to the plaintiff, without plaintiff's request, imposes no extra liability upon the defendant.

It would have been the grossest negligence to leave money deposited with him for the *night only,* within a tent, while defendant was absent from it in the day time.

The money, therefore, remained with the defendant, *as a deposit,* until it was lost, and the defendant was subject to the obligations and liabilities of an ordinary depositary only.

· *Hunton & Gilman*, for the plaintiff.

The plaintiff entrusted his pocket book, containing money, to the defendant " for safe keeping." He was bound to exercise reasonable care in respect to it. And what that care was, should be determined in view of the kind of property, the occasion for delivering it, and the attending and surrounding circumstances, which appear from the statement of the case in the bill of exceptions. There was a very great degree of negligence on the part of the defenda nt. And the court finds that he " was not only lacking in the exercise of ordinary care, but was chargeable with actual negligence." And though " the court did not decide that the defendant had embezzled the plaintiff's money," he was properly held liable for it, and that the judgment should be affirmed.

The opinion of the court was delivered by

PROUT, J.   The county court, upon the evidence which is detailed in the bill of exceptions, found that the defendant was not only lacking in the exercise of ordinary care with respect to the amount of money the plaintiff seeks to recover in this action, but that he is chargeable with actual negligence, and rendered a judgment for th e plaintiff.

The facts showing that the money in the defendant's hands was a simple *depositum*, or naked deposit, for the sole benefit of the plaintiff, and that it was left with the defendant without any special undertaking on his part, as well as without expectation of reward, the. principle applicable to, and which must govern the case, is at once indicated.   In a bailment of this nature, the bailee is bound to exercise only slight diligence, and is responsible only for gross neglect. It is said this rule accords with reason as well as abundant authority, as in the case of a bailment of this nature, the accommodation is to the bailor, and the entire advantage to him.   *Foster et al.* v. *Essex Bank*, 17 Mass. 479 ; Story on Bailments, §§ 23, 62 ; 1 Parsons on Contracts, 570, 571 ; 2 Kent's Com. 560.

The decision of the county court does not seem to meet the requirement of this principle, but is put upon the distinct ground of a want of ordinary care on the part of the defendant, and that upon the evi-

dence, he is chargeable with actual neglect, without reference to the character and nature of the bailment in question, or the degree of negligence on the part of the defendant necessary to be proved or found in order to charge him. There are different degrees of care and diligence, (which it is unnecessary to define,) a neglect or want of which, results in different degrees of negligence, applicable to and growing out of different kinds of bailment, as all the books treating of the subject show. In this case, and with respect to the bailment in question here, the court held that the defendant was bound to exercise ordinary care—a greater degree of diligence than the law required him to exercise—and was chargeable with *actual* negligence, but which they do not find to be *gross*.

But looking at the case in the light of the evidence, although it was admissible and proper to be considered as bearing upon the question of slight diligence and gross neglect on the part of the defendant, it does not necessarily amount to, or show that the defendant was in fault as to either, to the extent or degree those terms import. Desirous of relieving himself of the care of the plaintiff's money—the plaintiff not calling for it as accustomed—before he was obliged to leave his tent in the performance of his duties, he started for the tent of the plaintiff, with the intention of returning it to him. For the purpose of not exposing it to view, having no pocket large enough to contain it, he placed it inside and between his shirt and vest, intending to keep it secure by the pressure of his arm upon it. On the way, his attention is diverted,—as he expressed it, he forgets himself with respect to the money, as any one naturally might in camp, and when he is in this mental condition, it slips out, and is lost. The county court, upon the proof, expressly exclude the inference that the defendant embezzled it. Upon this evidence, and excluding this inference, we are unwilling to hold that it shows *gross* negligence on the part of the defendant, as it is equally consistent with an honest intention and effort on his part to return the plaintiff his money.

The judgment of the county court is reversed, and judgment for the defendant.