**Edward A. Glende, Plaintiff in Error, v. H. Spraner, trading as Wicker Park Garage, Defendant in Error.**

**Gen. No. 21,061.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed April 12, 1916.

### Statement of the Case.

Action of fourth class in Municipal Court of Chicago by Edward A. Glende, plaintiff, against M. Spraner, trading as Wicker Park Garage, defendant, to recover damages for the loss of a motorcycle valued at $225. The case was tried before the court without a jury, and the issues were found against the plaintiff, a judgment was entered against the plaintiff for costs, to reverse which he prosecutes this writ of error.

The evidence showed that the defendant was the owner and proprietor of the Wicker Park Garage. The plaintiff was the owner of the motorcycle involved in this case. On the afternoon of May 31, 1914, plaintiff and another were riding said motorcycle and, as they were nearing defendant's garage, the drive chain of the motorcycle broke, and plaintiff then pushed the motorcycle into defendant's garage to repair the chain. He worked for some time but was unable to fix the chain, and, a storm having arisen in the meantime, plaintiff decided to leave the motorcycle in the garage over night, which he did with the permission of the defendant. The plaintiff stated that he would call for it the next day. Some time during the next day, a man called at defendant's garage and presented a written order signed by the plaintiff directing the defendant to "give this gentleman permission to inspect" the motorcycle. Defendant complied with plaintiff's direc-

tions, and while the man was inspecting the motor-cycle he mounted it and rode away. Plaintiff arrived at the garage immediately after the man had gone and demanded the motorcycle. He was told that the motor-cycle had been delivered to the man who presented plaintiff's written order; that he had just left with it, and would probably be back in a few minutes. Plain-tiff waited around the garage for a while, but the man did not return, and plaintiff was never able to recover possession of his motorcycle.

The plaintiff contended that there was an express contract by which he agreed to pay the defendant fifty cents for keeping the motorcycle over night, and that therefore the defendant was a bailee for hire. The defendant denied that there was any such agreement, and contended that he permitted the plaintiff to leave the machine as an accommodation and that he was a mere gratuitous bailee.

Henry J. Kramer, for plaintiff in error.

Jacob C. Le Bosky, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

### Abstract of the Decision.

1. Automobiles and Garages, § 5*—*when evidence sufficient to show keeper of garage gratuitous bailee.* In an action against the proprietor of a garage for the loss of a motorcycle, evidence examined and *held* sufficient to sustain a finding that defendant was a gratuitous bailee.

2. Automobiles and Garages § 5*—*when garage keeper storing vehicle liable as gratuitous bailee.* The keeper of a garage who stores a vehicle over night to accommodate its owner and without agreement as to compensation is a mere gratuitous bailee and is liable for gross negligence only, or a want of slight care or diligence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. AUTOMOBILES AND GARAGES, § 5*—*when garage keeper exercising ordinary care not liable for loss of stored vehicle.* A garage keeper who, for compensation, stores a vehicle for the owner is not liable for its loss by theft, if he exercised ordinary care to prevent it.

4. BAILMENT, § 27*—*when burden of proof on bailee and when on bailor in action for loss of bailment.* In an action by a bailor against a bailee to recover damages for the loss of the bailment, where plaintiff shows the delivery of the bailment to defendant and the failure of defendant to make redelivery, the burden is on defendant to show the exercise of the degree of care required by the nature of the bailment; but where it appears that the bailment was lost, stolen or destroyed by fire, the burden of proving negligence is on the plaintiff.

5. AUTOMOBILES AND GARAGES, § 5*—*when garage keeper not liable for theft of motorcycle.* In an action against a garage keeper to recover for the loss of plaintiff's motorcycle, where the evidence shows that plaintiff had left the machine in defendant's garage over night, that he had advertised it for sale and had so informed defendant, also informing the latter that the machine could not be operated until repairs were made, and had left his name and address with defendant and had requested the latter to permit any one to inspect the machine whom he might send around, defendant is not liable for the theft of the machine by one who presented a written permit from plaintiff to inspect and, under the pretext of inspecting it, stole it, riding it away.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.