# Richmond

## Linda Barker Dawson v. Fusco's Auto Service, Inc.

November 24, 1941.

Record No. 2419.

Present, All the Justices.

The opinion states the case.

*R. Dixon Powers,* for the plaintiff in error.

*Callom B. Jones, Wilbur G. Mitchell* and *George W. Reilly,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

This is a suit to recover damages resulting from the theft of a Chevrolet automobile which was stolen from a parking lot in the city of Richmond on the 21st day of September, 1939. Mrs. Dawson, the owner of the automobile, instituted suit against Fusco's Auto Service, Inc., the operator of the parking lot. Mrs. Dawson had been parking her car on this lot practically since the beginning of the business. The lot is on 12th and Franklin Streets, Richmond, which is very near the Virginia Motor Vehicle Department building, where she was employed. Her husband was also in the employ of the same department and his wife referred to him as "Sergeant Dawson."

The evidence shows that the plaintiff paid nothing to the defendant for the privilege of parking her car. Mr. Fusco, the operator, testified, without being contradicted, that at first there was plenty of room on his lot and that he told the plaintiff that she might park her car there free of charge. When the business developed and his space was being occupied by paying customers he notified her that she could not continue parking without cost and that she would have to pay for it if she wished to be protected. He testified that her husband then called him over the 'phone and said he couldn't pay and asked why the policy of the company had been changed.

He was told that the business was being conducted for gain and "a living" for the owner. He said that Dawson cursed him over the 'phone. Then he was reminded that the company had been kind to him, but if that was to be his attitude, he need never bring his car on the lot again. Thereupon he became more civil and Mr. Fusco said that Mrs. Dawson could still park there without charge but that he would not be responsible in any wise for the car.

During this parking period Mrs. Dawson's car was serviced by an automobile man named Walsh. He had called for it personally and sometimes his employees were sent for it. These men were known to the employees of the Fusco company. On one occasion Mrs. Dawson was called and asked if she wished her car delivered to Mr. Walsh.

On the 21st of September, 1939, a man appeared at the Fusco place and asked for Mrs. Dawson's car. He was dressed in white overalls or coveralls, on the back of which was stamped "Martin Chevrolet", which is the name of a Company in Richmond which handles Chevrolet automobiles. The man took from his pocket a notebook in which was written Mrs. Dawson's name and the kind and number of her car. He said that they had had it the evening before for tuning and that he wanted to finish it and would return it that evening. He was allowed, under these circumstances, to take the car. Neither the man nor the car was heard from until the latter was found in North Carolina in an injured and dilapidated condition. It was recovered about four months after it was taken. The automobile was damaged to the extent of about $300.00. The jury rendered a verdict in favor of Mrs. Dawson for that amount. Upon motion the court set aside the verdict of the jury and entered judgment for the defendant company. There is very little conflict in the evidence. It may be well to note that Mrs. Dawson was in the habit of leaving the switch keys in her car so that it could be moved

or shifted from place to place at the convenience of the company. This was the only control that it had of it. The owner would come and get it at will.

The plaintiff contends that the action of the trial court was error in holding that the defendant was guiltless of gross negligence and that the evidence was not sufficient in law to maintain the issue on the part of the plaintiff. It is urged by Mrs. Dawson that the relationship of bailor and bailee existed, under the circumstances, between herself and the defendant. This contention is countered by the charge that the essential ingredients of a bailment are lacking. Whether this is so or not, it is unnecessary, we think, to decide. If it be conceded that such relationship does exist it is at most only a gratuitous bailment. It was for the sole benefit of the owner of the car. The parking company was without reward or gain. It is clear that under such circumstances the company owed only a slight degree of care and that liability could attach only if it were guilty of gross negligence which is said to be akin to fraud. While ordinarily the question of the existence of gross negligence is one of fact and therefore for the jury, yet a mere statement of the facts in this case refutes the presence of gross negligence, or any negligence.

The reasoning employed is clearly set forth in the case of *Tancil* v. *Seaton*, 28 Gratt. (69 Va.) 601, 26 Am. Rep. 380, where it said:

"The defendant being a mere depository of the note, a bailee without reward, holding the note only for the benefit and accommodation of the plaintiff, he was not bound to use as great care and diligence in the custody of the note as if he had been a bailee with compensation, and therefore if the note was stolen from his possession he was not accountable for it unless the loss was the result of gross negligence on his part."

See also *Carrington* v. *Ficklin's Ex'r*, 32 Gratt. (73 Va.) 670; *Jones* v. *Massie*, 158 Va. 121, 163 S. E. 63; *Glende* v. *Spencer*, 198 Ill. App. 584.

In the American and English Encyclopaedia of Law, Second edition, Vol. 3, page 745, we find this statement of the law:

"When the bailment is for the sole benefit of the bailor, the bailee being without reward, the law requires. of the latter only slight diligence, and holds him responsible only for losses attributable to his gross neglect."

In the case of *Stanton* v. *Bell*, 9 N. C. (2 Hawks) 145, 11 Am. Dec. 744, is this:

"A mere mandatary who receives no reward is only liable for fraud or gross neglect."

See also *Beardslee* v. *Richardson*, 11 Wend. (N. Y.) 25, 25 Am. Dec. 596; *Green* v. *Hollingsworth*, 5 Dana (Ky.) 173, 30 Am. Dec. 680.

In Blashfield's Cyclopedia of Automobile Law and Practice, volume 7, section 5021, at page 534, the general rule applicable to automobile garagemen is stated to be this:

"One receiving possession of an automobile for the purpose of storing or repairing it without compensation is only liable for the loss of the automobile or for injuries accruing to it while in his possession, in case of his bad faith or in case he has been guilty of gross negligence, and a garage keeper, storing a motor vehicle overnight to accommodate the owner, without any agreement as to compensation, is a mere gratuitous bailee within this rule."

In the case of *Spooner* v. *Mattoon*, 40 Vt. 300, 94 Am. Dec. 395, 396, is the following statement of the law:

"The facts showing that the money in the defendant's hands was a simple *depositum*, or naked deposit, for the sole benefit of the plaintiff, and that it was left with the defendant without any special undertaking on his part, as well as without expectation of reward, the principle

applicable to and which must govern the case is at once indicated. In a bailment of this nature, the bailee is bound to exercise only slight diligence, and is responsible only for gross neglect. It is said this rule accords with reason as well as abundant authority, as in the case of a bailment of this nature, the accommodation is to the bailor, and the entire advantage to him: *Foster* v. *Essex Bank,* 17 Mass. 479, 9 Am. Dec. 168; Story on Bailments, secs. 23, 62; 1 Parsons on Contracts, 570, 571; 2 Kent's Com. 560.

It seems sufficient to say that nothing approaching fraud or gross negligence can be perceived in the facts of this case, a fair statement of which we have already made. The judgment of the trial court is plainly right and it is

*Affirmed.*

Eggleston, J., dissenting.

I am unable to concur in the majority opinion. Under the authorities there cited, Fusco's Auto Service, Inc., had possession of Mrs. Dawson's car as a gratuitous bailee. It was, therefore, liable to her if through its gross negligence the car was delivered to the thief, and the jury was so instructed without objection.

In my opinion there is ample evidence to support the jury's finding that the operator of the parking station was guilty of gross negligence in delivering the car to the thief. Mrs. Dawson was well known to the operator of the parking station, who knew that she and her husband were employed in the building adjacent to the parking lot. On a previous occasion the operator had telephoned Mrs. Dawson before delivering the car to a stranger who had called for it. Notwithstanding these circumstances, in the present instance the operator, without making any inquiry of Mrs Dawson or her husband as to the authority of the person who had called for her car, delivered it to a total stranger.

Neither do I think that the service station could exempt itself from liability for its gross negligence by stating to Mrs. Dawson that it "would not be responsible in any wise for the car."

I think the judgment should be reversed, the verdict of the jury restored, and final judgment entered in favor of Mrs. Dawson, the plaintiff below.

HUDGINS and GREGORY, JJ., concur in this dissent.