## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

John Harrelson

v.

Coleman R. Flowers, Jr.,
and Thomas M. Bohannan

May 12, 1970

BY JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the judgment order entered today in favor of the defendant Flowers.

As indicated to counsel following the hearing of the evidence in this case, the court has found the following facts: that the relationship existing between the plaintiff and the defendant Bohannan was that of a gratuitous bailment; that the negligent act resulting in damage to the plaintiff's vehicle was not a grossly negligent act; and that the defendant Flowers at the time of the incident was the servant of Bohannan acting within the scope of his employment. Accordingly judgment has previously been entered in favor of Bohannan. *Dawson v. Fusco's Auto Service*, 178 Va. 350 (1941).

The issue to be decided as to the defendant Flowers is whether the servant can assert the defense available to his master under the circumstances of this case. Stated differently, the question is whether a servant in the performance of his master's work owes any greater duty to a third person than does his master, under the facts of this case.

In deciding the issue in favor of the defendant Flowers, the court is guided, in the main, by the applicable sections of the Restatement, no case having been found in Virginia directly on point. The rule is stated as follows in Restatement, Second, Agency, Section 347 (1958):

> Immunities and Standard of Care of Principal.
> (1) An agent does not have the immunities of his principal although acting at the direction of the principal.

> (2) Where, because of his relation to a third person, a master owes no duty, or a diminished duty, of care, a servant in the performance of his master's work owes no greater duty, unless there has been reliance by the master or by a third person upon a greater undertaking by the servant.

The comments to subsection (1) above and the comments found on page 759 of the First Restatement of Agency (1933) following Section 347 thereof point up the distinction between the cases cited by the plaintiff in his memorandum and the case at bar. Where the master has an immunity from liability for all acts as a result of public policy (such as a sovereign), or for some acts (such as an insane person) or as to some persons (such as the immunity of husband to wife), such immunity results from the personal qualities of the individual or the relationship of the parties and therefore the agent is not protected by such immunity which cannot be delegated and which is personal to the master. The cases cited by the plaintiff all fall into this class.

This case falls within subsection (2) quoted above. A diminished duty of care was owed by the master Bohannan to the plaintiff because of the gratuitous bailment. This diminished duty was not based upon any personal immunity granted to Bohannan. ("Immunity" as used in the Restatement is defined in comment (b) to Section 217 of Restatement, Second, Agency, as "a word used to denote the absence of civil liability for what would be a tortious act but for the relation between the parties or the status or the position of the actor" such as family relationships and legislative immunities.) Flowers was acting as the servant of his master in the scope of his employment and there is no evidence that the plaintiff or Bohannan had relied upon the exercise of any higher degree of care by Flowers than was owed by Bohannan. Therefore Flowers was only liable for his gross negligence, that being the duty owed by Bohannan, and he was not liable for his simple negligence. See comment to subsection (2) of Section 347 at page 111. See also Reporter's Notes applicable to Section 347 found in Restatement, Second, Agency (appendix) at pages 565–567.